# MARTIN vs. HARDESTY.

[ACTION UNDER CODE TO RECOVER DAMAGES FOR MALICIOUS PROSECUTION.]

1. *Evidence of plaintiff's general bad character admissible.*—In an action to recover damages for a malicious prosecution for larceny, the defendant may introduce evidence of the plaintiff's general bad character, showing that his only occupation was that of gambling and horse-racing; since it would require less stringent proof to make out probable cause for prosecuting a man of such character, than one who had always maintained a good reputation and followed a lawful occupation.

2. *Admissibility of declarations of ownership, when accompanied with possession, and when referring to past transactions.*—Declarations of ownership of a slave, when accompanied with possession, are admissible evidence as a part of the *res gestæ;* but declarations referring to a past transaction are mere hearsay, and therefore inadmissible.

3. *General objection to evidence, of which part is legal.*—A general objection to evidence as a whole, when a part of it is legal, may be overruled.

4. *Hearsay inadmissible.*—A witness, who saw two persons engaged in writing, cannot testify to the character of the writing from what one of the parties afterwards told him respecting it: such evidence, relating to a past transaction of which the conversation formed no part, is mere hearsay.

5. *Malicious prosecution.*—The cases of Leaird v. Davis, 17 Ala. 27, Long v. Rogers, *ib.* 540, same parties, 19 *ib.* 321, Ewing v. Sanford, *ib.* 605, and 21 *ib.* 157, cited and approved.

APPEAL from the Circuit Court of Perry.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by George C. Hardesty against Levi Martin, to recover damages for a malicious arrest and imprisonment on a charge of larceny, and was commenced in February, 1853. The only plea was, not guilty. It appeared from the evidence that Hardesty was arrested in Mobile, in January, 1853, on a charge of having stolen a slave named Jane, preferred against him by the defendant in this action, and was imprisoned for several days in the city guard-house; that he claimed to have received the slave from one Oran Martin (a brother of said Levi), who gave him a power of attorney to carry her to Mobile and sell her. The defendant introduced evidence, tending to show that he had purchased said slave from Oran Martin, in July, 1852; that pos-

session was to be given up to him on the first of January, 1853 ; that Hardesty, at the time he carried away the slave, held defendant's notes for the purchase money, claiming them as his own, and knew that defendant claimed her, and heard defendant tell Oran Martin, on the 1st January, 1853, to send her home to him. The plaintiff, on the other hand, introduced evidence tending to show that this sale was fraudulent.

A great many exceptions were reserved to the rulings of the court on the evidence; but it is only deemed necessary to notice those which are reviewed by this court.

The defendant offered in evidence the deposition of said Oran Martin, who was asked, among other questions, "Do you know the general reputation of the plaintiff in the neighborhood where he lived in the last of the year 1852 ? Was his reputation good or bad"? Witness answered, that he did know plaintiff's general reputation ; that his reputation was bad ; that he lived at his house, and gambled and horse-raced a little, and had no further occupation." The plaintiff objected to this question and answer, and moved to suppress them ; which motion was sustained by the court, the evidence suppressed, and defendant excepted. " At the time this testimony was offered," as the bill of exceptions states, " the plaintiff disclaimed, in the presence and hearing of the court and jury, all right to recover anything on account of any damage to his character."

" The plaintiff introduced one Henry Chambers as a witness, who testified, that Oran Martin, while in possession of the negro Jane, told him that said negro belonged to him, that he had employed Hardesty to carry her to Mobile and sell her for him, and that he had given Hardesty a power of attorney for that purpose. The defendant objected to these declarations of Oran Martin, made to witness when defendant was not present, and moved to exclude them ; but the court overruled the objection and motion, and the defendant excepted."

The plaintiff introduced one Kennedy as a witness, who testified, that Hardesty and Oran Martin stayed all night at his house when the former was on his way to Mobile with the slave ; that they got up before day, and asked him for pen, ink,

and paper ; that they wrote something, but he could not tell what was written ; that he did not see or read the writing. The plaintiff then asked witness, what Hardesty and Martin said they wished to write, or what they said they had written ; and witness answered, that they said they were writing a power of attorney, but did not say for what purpose. To this question and answer the defendant objected, but the court overruled his objection, and he excepted. The plaintiff then asked witness, whether or not Oran Martin had afterwards told him what the paper was which they were writing at his house ; and the witness answered, that Oran Martin returned to his house, a short time after he and Hardesty had left, and told witness, that the paper which Hardesty wrote was a power of attorney from him to Hardesty to sell the slave Jane, and that he (Martin) had signed it. To this question and answer the defendant objected, and moved to exclude the same from the jury ; but the court overruled his objection, and defendant excepted.

These rulings of the court, with other immaterial matters, are now assigned for error.

J. R. JOHN and WM. M. BROOKS, for appellant.

I. W. GARROTT, contra.

CHILTON, C. J.—We are of opinion that the court erred in excluding the evidence of the bad character of Hardesty from the jury ; and that his only occupation was that of gambling and horse-racing. It would certainly require less stringent proof to make out probable cause for prosecuting such a character for larceny, than one who maintained a good character, and followed an occupation for a livelihood altogether lawful.

The testimony of Chambers, " that Oran Martin told him, while in possession of the slave alleged to have been stolen, that said slave belonged to him, and that he had given Hardesty a power of attorney, and employed him to take her to Mobile and sell her", &c., was, when taken in connection with the other proof, partly legal, and partly improper. It was proper to prove that, having the possession, he said he was the owner, as this was explanatory of the possession, showing

that he held the slave in his own right; but his declarations that he had employed Hardesty to sell the slave in Mobile, and had given him a power of attorney for that purpose, were improper, because they related to a past transaction,—were mere hearsay, and could not constitute part of the *res gestæ.* This is a familiar distinction, and recognized by numerous decisions of this court. The testimony, however, was objected to as a whole; and the rule in such case justifies the court in overruling such objection.—See 2 Ala. R. 280; 4 *ib.* 99; 13 *ib.* 587; 15 *ib.* 535; 20 *ib.* 392; 22 *ib.* 416; 23 *ib.* 335; *ib.* 659; 25 *ib.* 433.

It was also improper for the witness Kennedy to testify what Oran Martin told him as to the character of the writing he and Hardesty had entered into on a prior occasion at the house of the witness. This was not part of the *res,* and, relating to a past transaction of which the conversation formed no part, was hearsay merely, and improperly admitted.

The law which must govern such cases is fully laid down in the cases of Leaird v. Davis, 17 Ala. R. 27; Long v. Rogers, *ib.* 540; 19 *ib.* 321; Ewing v. Sanford, 19 *ib.* 605; 21 *ib.* 157. It is needless, therefore, to discuss the points attempted to be presented by the charges. As the other points presented will hardly again arise, we deem it unnecessary to decide them.

Judgment reversed, and cause remanded.