RHODES vs. WALKER, ADM'R.

[ACTION ON PROMISSORY NOTE—JUDGMENT BY DEFAULT.]

1. *Administrator; what sufficient averment of representative capacity of.*— An averment in a complaint that plaintiff, administrator of J. B., claims of the defendant the amount due on a note payable to his intestate, sufficiently shows that he sues in his representative capacity.

2. *Plaintiff, character of; recital in judgment entry refers to.*—The recital, in a judgment entry, that the plaintiff recover, &c., relates to the character in which he sues, as set out in the complaint.

3. *Record; what not part of.*—In a judgment by default, the note which was the cause of action is not a part of the record on appeal.

APPEAL from Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

Judgment by default on promissory note. The complaint is as follows:

" Elijah Walker, administrator of the estate of J. N. Baker, deceased, plaintiff,

*vs.*

Hamilton Rhodes, defendant.

" The plaintiff, administrator of the estate of J. N. Baker, deceased, claims of the defendant one hundred and seventy-five dollars, due by promissory note made by him on the 13th day of September, 1862, and payable one day after date to plaintiff's intestate, with interest thereon."

The judgment entry is as follows:

"Elijah Walker, Adm'r, } Came the plaintiff by attorney, and the defendant being called to come into court and defend his cause, came not, but made default. It is therefore considered by the court, that the plaintiff recover of the defendant the sum of one hundred and seventy-five dollars, being the amount in the plaintiff's complaint mentioned, also the sum of seventy-seven dollars damages in the way of interest on said debt, also the costs in this behalf expended, for which let execution issue.

*vs.*

Hamilton Rhodes.

In the transcript sent up, there is a copy of the promissory note sued on—but in what manner it became a part of the proceedings in the court below, is nowhere stated.

The defendant appeals to this court and here assigns for error—

1. That the court erred in rendering judgment for plaintiff.

2. That the court erred in rendering judgment in favor of the plaintiff below individually, instead of rendering it in his favor as administrator of his intestate Baker.

3. That. the court erred in rendering a final judgment, upon the paper called a promissory note, without the intervention of a jury.

WADE KEYES, for appellant.
E. A. O'NEAL, for appellee.

[No briefs on file.]

B. F. SAFFOLD, J.—The complaint sufficiently shows the character in which the plaintiff sues. The judgment must follow the complaint, and the denomination of the plaintiff in it, must be referred to the more particular description of the capacity in which he sues, as set forth in his complaint.

The error assigned, that judgment was rendered without the intervention of a jury, is not sustained by the record. In a judgment by default, the note which was the cause of action, is not a part of the record on appeal. The writing described in the complaint ascertains the plaintiff's demand.

The judgment is affirmed.