## SMITH *vs.* FLAGG ET. AL.

[ACTION OF DAMAGES FOR BREACH OF WARRANTY OF SOUNDNESS OF A HORSE. ]

1. *Warranty of soundness of horse; what evidence inadmissible to prove breach of.*—What a plaintiff said to his partner and co-plaintiff about defendant's warranting a horse to be sound, in the absence of defendant, and after the sale, is not evidence to prove a warranty of soundness in an action for a breach of such warranty.

APPEAL from City Court of Eufaula.
Tried before Hon. E. M. KEILS.

This was an action brought by appellees against appellant to recover damages for the breach of a warranty of soundness of a horse sold by appellant to appellees. On the trial, as appears from the bill of exceptions, one of the plaintiffs, Flagg, having testified that the defendant warranted the soundness of the horse, and that the horse was unsound at the time of the sale, and the defendant having testified directly to the contrary, one Corbin, co-plaintiff and owner of the horse with Flagg, was introduced as a witness, and testified that he was not present at the time

of the sale, but that when the horse was brought to him by his partner after the sale, he, Flagg, then informed him that defendant, at the time of the sale, warranted the horse to be sound. The defendant was not present when this was told to witness. The proof was not objected to at the time it was offered, but before the jury retired the defendant moved the court to exclude this testimony of the witness Corbin from the consideration of the jury, as it was illegal evidence, which motion the court refused and the defendant excepted. The court charged the jury, if they found from the evidence that such declarations were made by one of the plaintiffs to his copartner, as testified to by Corbin, they might consider it along with the other evidence in the case to establish a warranty of soundness to the horse. To this charge defendant excepted. There was a verdict and judgment for plaintiff, and hence this appeal. The refusal to exclude Corbin's testimony and the charge given, are now assigned as error.

J. L. PUGH for appellant.
(No brief for appellant came to Reporter's hands.)

GARDNER & LEE, and S. F. RICE, *contra.*—If the evidence was competent for any purpose, the court did not err in refusing the motion. If not competent evidence to prove the warranty, it was competent testimony tending to corroborate and strengthen the testimony of the first witness, who had been flatly contradicted.

B. F. SAFFOLD, J.—In a suit for damages for the breach of a warranty of a horse, the testimony of a witness, who was one of the plaintiffs, that his co-plaintiff and partner told him on his return home with the horse which he had purchased, that the defendant had warranted him to be sound, the defendant not being present, is inadmissible, because it is mere hearsay relating to a past transaction. *Martin vs. Hardesty,* 27 Ala. 458.

The judgment is reversed and the cause remanded.