[Wilson v. Bothwell's Administrator.]

## Wilson v. Bothwell's Administrator.

*Action by Administrator, on Bond payable to Intestate.*

*Termination of administrator's authority pending action by him; how pleaded.* —
Under the plea of *ne unques administrator*, to an action brought by an administrator
in his official capacity, the defendant cannot show that the plaintiff's authority has
ceased since the commencement of the suit; that fact must be specially pleaded to
the further maintenance of the action, or *puis darrein continuance*, according as it
occurred before or after issue joined or plea pleaded.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. CHARLES PELHAM.

TAUL BRADFORD, for appellant.

L. E. PARSONS, *contra.*

BRICKELL, J. — This action was brought by the appellee,
suing as the administrator of the estate of Ellen Bothwell, de-
ceased, against M. L. Wilson, the appellant; and was founded
on a bond made by the defendant, payable to the plaintiff's
intestate. The suit was commenced on the 3d day of February,
1870; and the trial was had on the 5th day of March, 1872.
The defendant pleaded, "in short by consent, the general issue,
with leave to give in evidence any matter that could be specially
pleaded in bar;" and, for greater certainty, he also pleaded
*ne unques administrator*, "in short by consent." On the trial,
the plaintiff offered in evidence a certified transcript from the
records of the court of probate of St. Clair county, showing his
appointment as administrator of the estate of said Ellen Both-
well, by virtue of his office of sheriff of said county. The ap-
pointment appears to have been made on the 18th day of Feb-
ruary, 1869; and the plaintiff's term of office as sheriff expired
in November, 1871. The defendant objected to this evidence,
and reserved an exception to its admission by the court. He
also asked three charges, which were refused, and which, in
effect, asserted the proposition, that his administration expired
with his term of office as sheriff, and, on that account, he was
not entitled to recover. The refusal of these charges, and the
admission of the evidence objected to, are now assigned as
error.

The plaintiff was certainly administrator, entitled to sue, at
the commencement of this suit. If his authority to continue
the suit was vacated by the subsequent expiration of his term of
office as sheriff, the fact should have been pleaded, not as a gen-
eral plea in bar, which has relation to the commencement of the
suit, and negatives the plaintiff's right of suit then, but specially

[Hudgens v. Cameron's Administrator.]

to the further maintenance of the suit, or *puis darrein continuance*, according to the occurrence of the fact before or after issue joined, or plea pleaded. If the fact occurred before issue joined, or plea pleaded, then it should have been pleaded to the further maintenance of the suit; if after issue joined, or plea pleaded, then it should have been pleaded *puis darrein continuance*. *McDougald* v. *Rutherford*, 30 Ala. 253; *Sadler* v. *Fisher*, 3 Ala. 200; *Burns* v. *Hindman*, 7 Ala. 531. If the fact is not so pleaded, it cannot be given in evidence.

The plea of *ne unques administrator*, interposed by the defendant, was a denial only that the plaintiff was administrator at the commencement of the suit. Evidence that he was then administrator, negatived the plea. It was not competent for the defendant, under this plea, to give evidence of the termination of the plaintiff's authority as administrator pending the suit. That was not the issue he had tendered, or which the plaintiff can be supposed to have come prepared to meet.

The rulings of the court below were in accordance with these views, and its judgment is affirmed.