| 94 | 159 |
|----|-----|
| 94 | 619 |
| 94 | 159 |
| 104 | 115 |
| 104 | 190 |
| 94 | 159 |
| †120 | 416 |

# Espalla *v.* Richard & Sons.

*Action on Account for Goods Sold and Delivered.*

1. *Declarations of party as evidence.*—In an action against an administrator, to recover the price of goods alleged to have been sold by plaintiffs to his intestate, and which defendant insists were sold and delivered by them, not to his intestate, but to her son, it is not competent for plaintiff to prove that, while the son was in their store negotiating for the goods, and one of the plaintiffs was waiting on him, being asked by one of their clerks to whom he was selling the goods, he replied that he was selling them to the mother, and not to the son; although they afterwards prove that the mother came into their store on the day previous, told them that she intended to put her son in charge of her business. and asked them to let him have whatever goods he wanted, as it was her business.  Such declaration is not admissible as evidence against the intestate's estate, not being made in her presence, nor is it a part of the *res gestæ* of the sale and delivery of the goods.

2. *General objection to evidence.*—When the illegality of evidence is apparent on its face, a general objection is sufficient to exclude it; though, under the rule of practice now in force (90 Ala. 9), the court may require the particular ground of objection to be specified.

3. *Competency of clerk as witness.*—A clerk in plaintiffs' store, who heard a conversation between one of them and defendant's intestate, in reference to the matters involved in the suit, is competent to testify as to what was said, although the plaintiff himself would not be.

4. *Action against administrator; proof of grant of letters.*—In an action

against an administrator as such, the plaintiff is not required to prove his representative character, unless it is denied. by an appropriate plea; and a plea of the general issue does not require such proof.

5. *Plea of general issue.*—In an action on an account for goods sold and delivered, the plea of *not guilty* is not the appropriate plea of the general issue; but, if issue is joined on it without objection, this court will regard it as properly pleaded.

APPEAL from the City Court of Mobile.

. Tried before the Hon. O. J. SEMMES.

This action was brought by S. Richard & Sons, suing as partners, against Joseph Espalla, as the administrator of the estate of Mrs. Julia Ryan, deceased; was founded on an account for goods sold and delivered, amounting to $587.37, and was commenced on the 21st February, 1890. The complaint contained two counts, one for goods sold and delivered, and the other on an account stated; and four pleas were interposed to each count, on which issue was joined without objection. One of the pleas to each count was "not guilty," and the others were, in substance, a denial that defendant's intestate had bought the goods, or authorized their purchase. On the trial, as appears from the bill of exceptions, the plaintiffs' evidence showed that the goods were sold and delivered, from time to time, to James Ryan, who was a son o Mrs. Julia Ryan, and were charged on their books to J. Ryan. E. E. Richard, one of the plaintiffs, testified that while he was waiting on James Ryan, the first day he came into their store, he was called aside by Frank Riley, one of their clerks, and asked to whom he was selling the goods—whether to James Ryan or to his mother; and that he replied, he was selling them to Mrs. Ryan. The court admitted this evidence, against the objection and exception of the defendant; and also permitted one Richmond, another clerk in the plaintiffs' store, to testify to the conversation between said E. E. Richard and Riley, as overheard by him. Said Richmond further testified, that Mrs. Ryan came into plaintiffs' store, the day before James Ryan bought the first bill of goods, told them that she was going to put said James in charge of her store, to carry on the business for her, and asked them to let him have on her account whatever goods he wanted. The defendant objected to the competency of said Richmond as a witness, and also objected and excepted to each part of his testimony. No evidence was adduced showing the grant of letters of administration to the defendant; and he asked the court to instruct the jury that, in the absence of such evidence, they must find

VOL. 94.

a verdict for him. The court refused this charge, and the defendant excepted. The rulings above stated, with others, are assigned as error.

W. E. RICHARDSON, and HENRY CHAMBERLAIN, for appellant.

GREG. L. & H. T. SMITH, contra.

WALKER, J.—The suit is on an account for goods which the plaintiffs claimed were sold by them to Mrs. Julia Ryan, deceased, the intestate of the defendant. The defendant contended that his intestate had not purchased or ordered the goods, and did not become responsible for the price thereof. There was evidence tending to show that Mrs. Ryan came to plaintiffs' place of business, and stated to a member of the firm that she was going to put her son, James Ryan, in her store, to run it and take charge of it for her, and requested plaintiffs to let him have whatever goods he wanted, as it was her business. Against the objection of the defendant, the plaintiffs were permitted to introduce evidence to show that, when James Ryan came into their store on a subsequent day, a member of the plaintiff firm who was waiting on him in selecting and ordering goods, on being called aside by a salesman who was standing off in the store, and asked if he was selling the goods to James Ryan, stated to the salesman that he was not selling the goods to James Ryan, but to his mother, Mrs. Julia Ryan. This conversation was not in the presence of Mrs. Ryan, nor was it brought to her knowledge in any way; and the statement as to who was the purchaser of the goods was not made in the course of any transaction with her. So far as the declaration could possibly be regarded as referring to any dealings of the firm directly with Mrs. Ryan, it was merely an allusion to a past transaction. She could not be bound by what one of the plaintiffs may have said to a third person who was a stranger to her. So far as she was concerned, the statement was merely hearsay, and upon no possible theory was it admissible against her, or against the defendant as the administrator of her estate. What was said on the occasion mentioned was as inadmissible against the defendant as any conversation that one of the plaintiffs may have had at any other time with a stranger to Mrs. Ryan. It is not conceived by what method of reasoning the statement could be regarded as part of the *res gestæ* of the transaction had with Mrs. Ryan on a former day.—*Stallings v. Hinson*, 49 Ala. 92; *Martin v. Hardesty*, 27 Ala. 458; *Lavender v. Hall*, 60 Ala. 214; *Smith v. Flagg*,

6

[Espalla v. Richard & Sons.]

46 Ala. 624; *Tamplin v. Still*, 77 Ala. 374; *Hart v. Kendall*, 82 Ala. 144; *Memphis & Charleston R. R. Co. v. Womack*, 84 Ala. 149.

It is suggested for the appellee, that there was a failure to specify any particular ground of objection to the admissibility of this evidence. The illegality of the evidence was apparent upon its face; to ascertain this it was not necessary for the court to look to any fact that was not stated by the witness in detailing the conversation. No casting around to discover a ground of exclusion was required. It was obvious, without reference to any extrinsic fact, that Mr. Richards' statement to the salesman in his store was mere hearsay so far as Mrs. Ryan was concerned. In such case, the court should sustain the objection without demanding a specification of what is already patent. The general rule requiring the ground of objection to be stated did not apply.—*Richards v. Bestor*, 90 Ala. 352; *Pool v. Devers*, 30 Ala. 672; *Cunningham v. Cochran*, 18 Ala. 479. This case was tried before the adoption of the rule of practice now governing the mode of reserving exceptions to rulings on the introduction of testimony. Under that rule, the trial judge can, in all cases, call on the counsel to specify grounds of objection. See Rule printed in 90 Ala. The evidence as to the statement referred to should have been excluded.

The witness Richmond was not a party to the suit, nor was there evidence to show that he was interested in the result thereof. He did not come within any of the exceptions to the competency of witnesses, and there was no error in the refusal to exclude his testimony as to what occurred in the interview between one of the plaintiffs and the intestate of the defendant.—Code of 1886, § 2765; *Huckaba v. Abbott*, 87 Ala. 409; *Miller v. Cannon*, 54 Ala. 59.

There was no error in refusing to give the charge in writing requested by the defendant. The suit is against the defendant in his representative capacity, and not as an individual. In the caption of the complaint the defendant is described "as the administrator of the estate of Julia Ryan, deceased." In each count of the complaint the cause of action stated is an account against the intestate of the defendant, and the defendant is charged as her personal representative.—*Harris v. Plant*, 31 Ala. 639; *Watson v. Collins*, 37 Ala. 587; *Christian v. Morris*, 50 Ala. 585; *Rhodes v. Walker*, 44 Ala. 213. But the fact that defendant was sued as administrator does not necessarily impose upon the plaintiff the duty of proving that the defendant was such representative. Such proof is not required, unless the pleadings present an issue upon that

[Alba v. Strong.]

point. It is contended that an issue as to the character in which the defendant was sued was presented by his pleas of "not guilty." A plea in that form is not the appropriate method of presenting the general issue to a complaint on an account.—Code of 1886, § 2675. As, however, the plaintiffs, without objection, took issue upon the pleas in that form, we will treat them as amounting to the averment that the allegations of the complaint are untrue. In a suit by a personal representative, the plea of the general issue admits the plaintiff's right to sue in that character, and renders proof of that fact unnecessary.—*Clarke v. Clarke*, 51 Ala. 498; *Worsham v. Goar*, 4 Port. 441. So, in a suit against a personal representative, a plea which involves only a denial of the plaintiff's cause of action, is an admission by the defendant of the character in which he is sued. A denial of such character is not involved in a mere denial of the plaintiff's cause of action, but must be specially pleaded.—Code of 1886, § 2675; *Trammell v. L. & N. R. R. Co.*, 9 So. Rep. 870; 7 Amer. & Eng. Ency. of Law, 381; *Wilson v. Bothwell*, 50 Ala. 378. No such special plea having been interposed, it was not incumbent upon the plaintiffs to offer proof of the defendant's appointment or qualification as administrator of the estate of Mrs. Ryan.

The other assignments of error are in reference to matters which are not likely to be presented on another trial. As they do not bear upon the merits of the controversy, it is unnecessary to consider them. For the single error above noted, the judgment must be reversed.

Reversed and remanded.