# Bolling & Son v. Speller.

*Bill in Equity for Injunction against Judgment at Law.*

1. *Remedy against judgment rendered on false return showing service of process.*—A party against whom a judgment at law has been rendered in a cause in which the service of process, giving jurisdiction of his

[Bolling & Son v. Speller.]

person, appears on its face to be regular, may obtain relief against it in equity, by averring and proving that in fact he was not notified of the proceedings, and that he had a good and meritorious defense to the action.

2. *Judgment; whether against individual partners or against partnership only.*—Where it appears from the summons and complaint, with the endorsement thereon showing service, that M. was sued individually as one of the partners composing the firm of S. & Co., a judgment against the defendants, without naming them, except in the caption of the judgment-entry where they are described as S. & Co., is against M. individually; as, where the body of the judgment shows that it is against the defendants, without setting out their names, the persons who are defendants and the capacities in which they are sued are to be ascertained by reference, not alone to the memorandum at the head of the judgment-entry, but also to the pleadings and process in the case and the returns endorsed thereon.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed October 13, 1890, by Mary F. Speller against R. E. Bolling & Son, and sought relief against a judgment rendered in 1888 in the Circuit Court of Dale county in favor of R. E. Bolling & Son against the complainant and her husband, J. A. Speller, "as the partnership of J. A. Speller & Co., and also as individuals composing said partnership." The bill alleged that executions had been regularly issued upon said judgment, and that a certificate of the clerk of the Circut Court showing the amount of said judgment, the names of the parties, etc., had been filed and recorded in the office of the judge of the Probate Court, so as to make the judgment a lien upon the property of the complainant. The cause having been submitted upon the pleadings and the proof, a final decree was rendered vacating and annulling said judgment so far as the complainant was concerned, and perpetually enjoining any further proceedings thereunder by the defendants. From this decree the defendants appeal, and now assign it as error.

H. L. MARTIN, for appellants.

H. D. CLAYTON, and M. SOLLIE, *contra.*

WALKER, J.—A party against whom a judgment at law has been rendered in a cause in which the service of process, giving jurisdiction of his person, appears on its face to be regular, may obtain relief against it in equity, by averring and proving that, in fact, he was not notified of the proceedings, and that he had a good and meritorious defense to the action.—*Dunklin v. Wilson,* 64 Ala. 162.

[Bolling & Son v. Speller.]

The counsel for the appellants does not contend in argument that the presumption in favor of the truth of the sheriff's return, showing service upon the appellee of the summons and complaint in the action at law, has not been overcome by a preponderance of evidence to the effect that there was, in fact, no such service upon her. The evidence introduced in her behalf to show that she had a good and meritorious defense to the suit, and that she did not learn of the existence of the judgment against her until a few months before the bill was filed, is uncontradicted. The main contention in behalf of the appellants is, that the judgment in the action at law was against the partnership of J. A. Speller & Co. alone, and was not a personal judgment against the appellee, and could not, therefore, prejudice her as an individual. It may be conceded in this case that the bill could not be maintained, if the judgment was against the partnership alone, though the appellee was named in the summons as one of the partners. That proposition, however, is not decided, as we are satisfied that the judgment purports to bind the appellee personally. The summons and complaint, which were returned as having been served on the appellee, clearly show that the suit was against her and J. A. Speller as individuals. The summons commands the sheriff "to summon J. A. Speller and Mary Speller, doing business under the firm name of Speller & Company," &c. The caption of the complaint is in these words: "Robert E. Bolling and William E. Bolling, partners in trade, using the firm name and style of R. E. Bolling & Son, plaintiffs, v. J. A. Speller & Mary Speller, defendants." In the body of the complaint the language is: "The plaintiffs claim of the defendants the sum," &c.; the pleadings do not further mention the defendants by their names. The judgment is in general terms against the defendants, without naming them. In the caption to the judgment-entry both the plaintiffs and the defendants are mentioned by their respective firm names only. It is insisted that, as the judgment is against the defendants, without setting out their individual names, it is to be referred to the description in the caption, and is therefore a judgment against the partnership only. Such controlling effect is not to be given to the caption of the judgment-entry, which is but a memorandum of the style of the cause made by the clerk. There is no necessity of setting out there the names of the parties at full length. The caption fully answers its purpose if it indicates with reasonable certainty to what suit the entry relates. When, in the body of the judgment, it is in favor

of the plaintiffs and against the defendants in general terms, the parties in whose favor, and against whom, respectively, it is rendered, are to be ascertained, not by looking alone to the memorandum at the head of the entry, but also to the pleadings and to the process, with the return thereon, which indicate who are before the court as plaintiffs and defendants, and in what capacities, respectively, they are parties. When the term "defendants," as used in the judgment-entry in question, is referred to the previous proceedings in the cause, it becomes plain that the appellee as an individual was included as a party to be bound. The record in the cause shows that the judgment was against her as an individual.—*Collins v. Hyslop,* 11 Ala. 508; *Catlin v. Gilders,* 3 Ala. 536; *Rhodes v. Walker,* 44 Ala. 213; *Owings v. Binford,* 80 Ala. 421; *Dollins v. Pollock,* 89 Ala. 351. So far as the appellee was concerned, the judgment was wholly unauthorized, and she was entitled to relief against it. The decree to this effect must be affirmed.

Affirmed.