# Enzor *v.* Rushton.

## *Assumpsit.*

(Decided October 19, 1915.   69 South. 909.)

1. *Executors and Administrators; Action by; Appointment.*—Where a personal representative sues on the common count in his official capacity as administrator, and the plea of ne unques administrator is interposed, plaintiff has the burden to show his right to sue as personal representative.

2. *Same; Appointment; Collateral Attack.*—The appointment of an administrator by the probate court cannot be collaterally attacked in the administrator's action in his representative capacity.

3. *Same; Evidence.*—The exclusion from evidence, before the conclusion of plaintiff's case, of his letters of administration on the ground that his appointment by the probate court was invalid, cannot be said to be harmless, where, on offer of other proof on the point of due appointment plaintiff is not entitled to recover.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by Oliver Enzor as administrator, against M. W. Rushton, as administrator cum testamento annexo. Plaintiff took a nonsuit with bill of exceptions

because of certain rulings on the evidence, and appeals. Reversed and remanded.

W. H. STODDARD, for appellant.

POWELL & HAMILTON, for appellee.

BROWN, J.—Action on the common counts by appellant in his official capacity as administrator of the estate of Eugenia Enzor, deceased, against the appellee in his capacity as administrator cum testamento annexo of M. O. Merritt, deceased, to recover on account of an indebtedness contracted by the testator of the defendant with the intestate of the plaintiff.

(1) The defendant interposed, among others, the plea of ne unques administrator as to the plaintiff, thus imposing upon him the burden of showing his right to sue as administrator of the estate of Eugenia Enzor.—*Espalla v. Richards & Sons*, 94 Ala. 159, 10 South. 137; *Wilson v. Bothwell, Adm'r*, 50 Ala. 378; *Worthington, Adm'r, v. McRoberts*, 7 Ala. 814.

In undertaking to discharge this burden, the plaintiff offered in evidence the original letters of administration on the estate of his intestate granted to him by the probate court of Crenshaw county, and for the purpose of neutralizing this proof and destroying its evidentiary value by showing that the probate court was without jurisdiction to grant these letters, the court, over the plaintiff's objection, on cross-examination of the plaintiff, allowed the defendant to show that plaintiff's intestate, at the time of her death, resided in Montgomery county, and not in Crenshaw county, and on this proof being made, the court rejected the letters of administration as evidence, and on account of this ruling the plaintiff took a nonsuit with bill of exceptions.

(2) It is settled that the appointment of an administrator by a court of probate of this state cannot be drawn into question in a collateral proceeding.—*Kling et al. v. Connell,* 105 Ala. 595, 17 South. 121, 53 Am. St. Rep. 144. The result is that the trial court erred in allowing the defendant to offer the proof above indicated and in excluding the letters of administration.

(3) The contention of the appellee that this was error without injury, for the reason that on the other proof offered, if the letters of administration had not been excluded, plaintiff was not entitled to recover, cannot be sustained. When this ruling was made, the plaintiff had not concluded his evidence, and this was a necessary link in his chain of proof, and the erroneous exclusion of which authorized the plaintiff to take a nonsuit and appeal, and it was not essential to this right that he should proceed further and make out his case, when, no matter what he proved, without the evidence excluded he could not recover.

Reversed and remanded.