(110 So. 19)

**GAY & BRUCE v. CITIZENS' NAT. BANK OF LINEVILLE. (7 Div. 657.)**

(Supreme Court of Alabama. Oct. 28, 1926.)

**I. Appeal and error** ⚙⟳1040(7).

Error in sustaining demurrer to count is without injury, where plaintiffs had full advantage of same claim in another count.

**2. Chattel mortgages** ⚙⟳229(3)—Evidence that mortgagor did not grow crop, the proceeds of which were sought to be recovered by mortgagee, held relevant and material.

In mortgagee's action to recover proceeds of mortgaged crop, testimony that mortgagor had not grown crop to show that property was not covered by mortgage *held* relevant and material.

**3. Chattel mortgages** ⚙⟳229(3)—Evidence as to mortgagor's ability to plow and cut wood as an ordinary man held properly rejected as remote, on issue whether mortgagor had grown crops, the proceeds of which were sought to be recovered by mortgagee.

In mortgagee's action to recover proceeds of mortgaged crop, testimony that mortgagor could plow and chop cross-ties like an ordinary man *held* properly rejected, after testimony by witness that he had seen mortgagor plowing and chopping wood as remote on issue whether mortgagor had grown crop.

**4. Appeal and error** ⚙⟳1052(4).

Error in reproducing testimony of witness in circuit court, given before justice of peace, without laying sufficient predicate for witness' death, is cured, where fact of death was subsequently shown by direct and undisputed testimony.

**5. Chattel mortgages** ⚙⟳229(3).

Evidence of delivery of warehouse receipt and gin receipt for cotton to defendant, without regard to presence of mortgagee, suing to recover proceeds of mortgaged property, *held* properly admitted to show title under which defendant claimed property.

**6. Chattel mortgages** ⚙⟳229(1).

Motive of mortgagor and representations on delivering warehouse receipt for cotton mortgaged to defendant, sued for proceeds of mortgaged property, *held* for jury.

**7. Chattel mortgages** ⚙⟳229(3) — Rulings on evidence to show that mortgaged cotton in dispute was turned over to defendants to cover up offense in making mortgage held not error as too remotely related to question whether mortgagor grew cotton.

In action to recover proceeds of mortgaged property, rulings on evidence to show that mortgaged cotton was turned over to bank to cover up offense in making mortgage to defendants *held* not error as too remotely related to sole question whether mortgagor had grown cotton in dispute.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

---

⚙⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by S. J. Gay and J. S. Bruce, doing business under the firm name of Gay & Bruce, against the Citizens' National Bank of Lineville. From a judgment for defendant, plaintiffs appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Pruet & Glass, of Ashland, for appellants.

Count A stated a good cause of action, and demurrer thereto should have been overruled. Code 1923, §§ 9513, 9531(10); Dallas Co. v. Townes, 162 Ala. 630, 50 So. 157. Secondary evidence of the testimony of Ira Huddleston in justice court was improperly received, no proper predicate being laid. Hines v. Miniard, 208 Ala. 176, 94 So. 302; Yarbrough v. Taylor, 201 Ala. 434, 78 So. 812; Porter v. L. & N., 202 Ala. 139, 79 So. 605. Evidence of statements made by one party to another, in absence of plaintiff, is hearsay, and res inter alios acta. Bunzel v. Maas, 116 Ala. 68, 22 So. 568; Smith v. Flagg, 46 Ala. 624; McKinney v. Darden, 192 Ala. 369, 68 So. 269. The physical condition of King Huddleston was inadmissible against plaintiffs. Southern C. & F. Co. v. Adams, 131 Ala. 148, 32 So. 503; Adams v. Adams, 29 Ala. 433.

Walter S. Smith, of Lineville, for appellee.

Where it is shown that a witness is dead, the testimony given by him at a former trial may be shown by secondary evidence. 22 C. J. 518; Randle v. Birmingham R. Co., 158 Ala. 532, 48 So. 114; 1 Greenleaf on Evi. (16th Ed.) 278. Declarations of Mrs. Ira Huddleston, who claimed title to or ownership of the cotton involved, while in possession thereof under claim of ownership, were relevant and legal. Clifton v. Gay, 21 Ala. App. 412, 109 So. 168.

SAYRE, J. Action for money had and received by the bank to the use of plaintiffs, appellants; the same being the proceeds of the sale of a bale of cotton grown by King Huddleston in 1920.

[1] If there was error in sustaining the demurrer to added count A, it was error without injury, for the reason that plaintiffs had full advantage of the same claim under added count B, where precisely the same cause of action was stated, with an addition showing that it was not barred by the statute of limitation.

[2, 3] In January, 1920, King Huddleston had executed and delivered to plaintiffs a mortgage, among other things, of his crop of cotton to be grown during the year. Plaintiffs claimed title to the bale of cotton in controversy between the parties, and so of its proceeds, under the mortgage. For defendant it was insisted that the bale in controversy had been grown by Ira Huddleston, father of King, on land owned by his (Ira's) wife; that Ira had died; and that the cotton had been delivered to it by his widow to be credited on King's debt. Incidentally, as going to show that the cotton was not covered by the mortgage to plaintiffs, defendant introduced testimony to the effect that King had grown no crop of cotton in 1920; that, in fact, he was physically unable to do the work necessary to grow cotton. This testimony was not irrelevant or immaterial, though perhaps in part objectionable on administrative grounds, and, at any rate, the issue thus presented was threshed out at great length between the parties, and upon it plaintiffs were entitled to be heard fully and fairly in rebuttal. But this does not mean that the trial court committed reversible error in refusing to hear the witness Wyatt Cook testify that "King Huddleston could chop as many cross-ties in a day as an ordinary man," or that he "could do a day's plowing equal to a common man." The witness had testified that he had known King Huddleston a long time, had hunted with him, had seen him chopping cross-ties and wood with an axe, had seen him plowing and hoeing, and gave his opinion that he could do a man's work. In admitting this testimony—to which, however, there was no objection—the court went as far as the ends of justice required along this line, and was justified in refusing to hear the remote and inconclusive comparisons suggested by the questions by which plaintiffs sought to draw out the opinions now in question. United States v. Ross, 92 U. S. 281, 23 L. Ed. 707.

[4] This case had been first tried before a justice of the peace. At that trial Ira Huddleston, as a witness, delivered himself of certain relevant testimony, and this defendant was permitted to reproduce at the trial in the circuit court, to which an appeal had been taken, on the theory that in the meantime Ira had died. It may be conceded that the testimony offered to establish the necessary predicate, Ira's death, was, at the time his testimony was allowed to be reproduced, wholly insufficient; but that fact cannot in the circumstances justify a reversal, because subsequently the fact of Ira's death in the meantime was shown by direct, unequivocal, and undisputed testimony. The error was thus effectively cured.

[5, 6] Manual delivery of the bale of cotton in controversy, or rather of the warehouse receipt for it, was made by King Huddleston to defendant. Defendant was allowed to show by King that his mother had directed him to take the cotton to the gin. Appellants were not present. Afterwards the gin receipt was by Mrs. Huddleston, or by her direction, turned over to defendant. These facts, and some similar facts offered in evidence by defendant, without regard to the presence or absence of appellants, constituted links in the chain of title under which defendant claimed

the cotton, and were properly permitted to be given in evidence. Of course King Huddleston may have had a different motive, and may have misrepresented the facts, but those were questions for the jury. Smith v. Flagg, 46 Ala. 624, cited by appellants, was a very different case.

[7] Several other rulings on evidence, as, for example, that the court permitted King Huddleston to testify that he had not requested his mother to waive her landlord's lien in favor of Dr. Gay (a member of the plaintiff partnership), plaintiffs having introduced testimony to the contrary, or that the court sustained an objection to plaintiffs' question as to how many mules King Huddleston owned during the year 1920, or whether he owned the mules described in the mortgage to the defendant bank, or that he moved the witness Earnest Jett from Randolph county, or that Reddock, president of defendant bank, knew when he received the cotton that King Huddleston did not have the mules described in his mortgage to the bank, the inference suggested being that the bale of cotton in dispute was turned over to the bank in an effort to cover up an offense committed in the making of the mortgage—these and some other rulings of similar sort were too remotely related to the sole question at issue, viz. whether King Huddleston had grown the bale of cotton in dispute, to put the court in error.

All questions mooted in appellants' brief have been examined with due care, but no error is found that would justify a reversal. Affirmed.

GARDNER, MILLER, and BOULDIN, JJ., concur.