140 So. 371

**PITTMAN et al. v. JOHNSON.**

6 Div. 97.

Supreme Court of Alabama.

March 10, 1932.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellants.

292

Harsh & Harsh and Francis Hare, all of Birmingham, for appellee.

ANDERSON, C. J.

■ Count 2 is in Code form, and its sufficiency as against Pittman, the principal, is not questioned, but its sufficiency against the surety, the bonding company, is challenged. The count after averring that the bonding company was surety on his official bond as such deputy sheriff, avers that on said date said Pittman "acting within the line and scope of his authority as such deputy sheriff and under color of his office as such deputy sheriff maliciously and without probable cause," etc. We think that this sufficiently charges that he was acting in his official capacity and that the count falls within the influence of counts A and B, which were held sufficient by the court in the case of Burge v. Scarbrough, 211 Ala. 377, 100 So. 653, 655, notwithstanding the dissent of Miller, J., as to count A. Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794, and cases cited. True, the court seems to have held count B faulty in the Burge Case, supra, but said count is not fully set out, and the court evidently went upon the idea that, while it averred that "Burge was deputy sheriff of Jefferson county, and, 'as such deputy sheriff, while acting as such and in the line and scope of his employment as such deputy,'" it does not aver that he was so acting at the time of causing the plaintiff to be arrested. But, be that as it may, the present count finds support in the counts held to be sufficient in said Burge Case. The trial court did not err in overruling the demurrers to count 2 of the complaint.

■ General bad character of the accused in a case for malicious prosecution is admissible under the issue of probable cause vel non. Martin v. Hardesty, 27 Ala. 458, 62 Am. Dec. 773; Thorn v. Henry, 204 Ala. 546, 86 So. 466. We also think that, where the prosecution complained of was for the violation of the liquor law, the general character of the accused in the community as a liquor law violator or "bootlegger" is admissible as going to the question of probable cause. Martin v. Hardesty, supra. We think the trial court erred in not permitting the question to Pittman, "Mr. Pittman, did you know his reputation in this particular community for violating the liquor law at this time?" We do not think the sustaining of the objection to this question can be justified upon the technical grounds suggested in brief of appellee's counsel.

■ It also seems settled by respectable authorities that, where a plaintiff in an action for malicious prosecution claims damages for injury to character or reputation, his general bad character may be shown in mitigation. 38 C. J. page 483. Here the prosecution complained of was for violating the liquor law, and the plaintiff, among other things, claims damages for the injury to his character or reputation. If he had just previously been convicted for a similar offense, the second prosecution could hardly reflect on his character or reputation as much as upon one who had never been convicted of such offense. Therefore proof of the previous conviction or plea of guilty to the offense of violating the liquor law should have been admitted in mitigation of damages. Whether or not the trial court can be put in error inasmuch that the offered proof of the previous conviction was not limited as going in mitigation of damages, we need not decide, as the case must be reversed for the other ruling on the evidence. It may be suggested, however, upon the next trial that the proof of the former conviction should be received in mitigation of damages.

■ The charges refused the defendant were either faulty or covered by the given charges.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.