### BARRETT v. GILBERT et al.

8 Div. 508.

Supreme Court of Alabama.

June 1, 1933.

Rehearing Denied June 22, 1933.

Wm. L. Chenault and Travis Williams, both of Russellville, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, J. Foy Guin, of Russellville, and W. H. Mitchell, of Florence, for appellee Indemnity Company.

ANDERSON, Chief Justice.

This is a suit against Gilbert, a law enforcement officer, and his bondsman, the Indemnity Company. The trial court sustained demurrers to each count of the complaint, thus forcing the plaintiff to take a nonsuit.

The brief of counsel for appellant seems to insist only upon the sufficiency of count 2, and we need not, therefore, consider or discuss the other counts.

■ Count 2 is for a malicious prosecution, and is substantially good as against Gilbert. Indeed, the appellees' brief does not question the same as to Gilbert, but contends that it was subject to the demurrer of the Indemnity Company. We cannot agree to this contention, as it substantially conforms to counts held sufficient in the cases of Pittman v. Johnson, 224 Ala. 291, 140 So. 371; Shirley v. McDonald, 220 Ala. 50, 124 So. 104; and Union Indemnity Co. v. Webster, 218 Ala. 468, 118 So. 794. The law enforcement officer may not have express authority under the statute to swear out a warrant, yet, if he does so for the purpose of enforcing the law as such official, he would be acting within the "line and scope of his authority as such state law enforcement officer," as charged in said count 2.

Reliance is had by the appellees' counsel on the case of Burge v. Scarbrough, 211 Ala. 377, 100 So. 653, especially the criticism in said case of count C. The majority held that counts A and B were not subject to demurrer, notwithstanding the views of the writer. True, the majority of the court agreed that count C was faulty, but it was upon the evident theory that it did not charge that Burge was acting as deputy sheriff, and was acting as such in the line and scope of his authority when causing the plaintiff to be arrested. This case of Burge v. Scarbrough, supra, was dealt with and explained in the case of Pittman v. Johnson, supra, though in discussing same count B was inadvertently mentioned instead of count C, and which was self-correcting, as it appears just above that counts A and B in said case were held sufficient, and the one held faulty in the Scarbrough Case was count C, which should have been designated in the Pittman Case, supra, instead of count B.

The trial court erred in sustaining the demurrer of the Indemnity Company to count 2, and the judgment of the circuit court is reversed, the judgment of nonsuit set aside, the case is restored to the docket, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

### On Rehearing.

ANDERSON, Chief Justice.

■ It is urged, for the first time, that the record fails to disclose notice of the appeal upon Gilbert, one of the defendants. True, the demurrers do not purport to be by Gilbert, but the judgment entry recites that the defendant, "Van Buren Gilbert, in person and by attorneys" appeared. The clerk's citation is to both defendants, and the sheriff's return recites the service of notice of the appeal upon J. Foy Guin, "as one of the attorneys of record for the defendants." We will therefore assume, in the absence of evidence to the contrary, that said Guin was one of the attorneys for Gilbert as well as the Indemnity Company. Millican v. Livingston, 207 Ala. 689, 93 So. 620.

It is next contended, for the first time, upon this application, that count 2 is bad, in that it fails to aver that the writ of arrest was sued out without "probable" cause. "The statement that it is sued out without 'proper' cause falls short of the statutory allegation." As to this, we can only quote the record; count 2 says: "And maliciously and without probable cause therefor caused the plaintiff to be arrested," etc.

The application is denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.