J. C. BARFIELD v. P. H. TURNER et al.

*Pleading—Process—Malicious Prosecution.*

1. The term "color of process," means process sufficient and apparently valid.

2. A complaint which alleges that the plaintiff was arrested and imprisoned under color of process by persons represented to be officers of the law, by means whereof he suffered damages, does not allege a sufficient cause of action, although it may charge that such arrest and imprisonment were illegal, wrongful, and without authority.

3. In an action for malicious prosecution the complaint should allege that the process was void, or was issued without probable cause, or that it was prompted by malice, and that the proceedings thereunder have terminated.

This is a CIVIL ACTION, tried before *Boykin, J.,* at Fall Term, 1886, of MONTGOMERY Superior Court.

The following is a copy of the material portion of the complaint:

" 1.  That on or about the 13th of February, 1885, the defendant W. F. Hudson assaulted and arrested the plaintiff under color of process sued out by the defendant W. W. Hailey, before the defendant D. C. Baldwin, and brought the plaintiff before the defendants, Baldwin and Turner, justices of the peace.

2.  That defendants Turner, Hudson, Baldwin and Hailey, on or about the time aforesaid, illegally, wrongfully, and without legal authority, caused plaintiff to be imprisoned in the dwelling-house of said Hailey, and also in the common jail of Montgomery County, whereby he was deprived of his liberty for a long time.

3.  That while under arrest as aforesaid, and during said imprisonment, the plaintiff suffered great pain in body and mind, and was exposed and injured in his credit and cir-

cumstances, and prevented from carrying on his business, and incurred expense in obtaining his liberation from said imprisonment, to his damage two thousand dollars.

Wherefore plaintiff demands judgment, &c."

The defendants filed an answer to the complaint, but on call of the case for trial, demurred *ore tenus* to the complaint, for that it appeared upon the face of the complaint that defendants were acting under color of process, and that there were no averments of malice, nor of want of probable cause, nor that the said cause in which the process was issued has been terminated.

Whereupon it was considered by the Court that the demurrer be sustained and the action dismissed.

Judgment against plaintiff for costs, from which he appealed.

*Mr. John Devereux, Jr., (Messrs. Douglas & Shaw* filed a brief) for the plaintiff. ·

No counsel for the defendants.

MERRIMON, J.   The cases of *Garrett* v. *Trotter,* 65 N. C., 430; *Johnson* v. *Finch,* 93 N. C., 205, and *Halstead* v. *Mullen,* Id, 252, and like cases, relied upon by the plaintiff, have no proper application here.   He does not allege a good cause of action, imperfectly or defectively—he fails to allege a cause of action at all—" the complaint does not state facts sufficient to constitute a cause of action."

The Court must be able to see a sufficient cause of action alleged in the complaint; it may be imperfectly, and, therefore, demurrable—to be demurred to—or admitted in the answer, or denied therein and proven on the trial; else, the defendant may move to dismiss the action upon the ground that no cause of action is alleged.

The plaintiff alleges that he was arrested by one of the defendants, *under color of process* sued out by another defend-

ant, before a Justice of the Peace, also a defendant, and taken before him and another Justice of the Peace, also a defendant, and that while so arrested he suffered and sustained damages. By *color of process* is meant process sufficient in form and apparently valid. So, accepting the allegation in this respect, the plaintiff alleges no cause of action ; he was lawfully under arrest until in some proper way discharged, and the allegations that he was " illegally, wrongfully, and without legal authority " imprisoned, have no force, because he was arrested, and, taking the allegations altogether, he was imprisoned under *color of process*. The complaint does not purport to allege but a single cause of action, and the allegation of imprisonment is |intended as matter of aggravation. What the character of the *process* was does not appear, but the inference is that it was apparently sufficient, and, whether civil or criminal, it must be taken that, upon its face, it warranted the detention of the plaintiff in the jail. It may have been a warrant of arrest in a civil action, or a State warrant in a criminal action ; in either case the plaintiff may have been—apparently was—lawfully so detained until discharged according to law.

It was contended on the argument that the Court can see that a cause of action for trespass against the person is alleged. This is a misapprehension as to what the Court may do in such a case. No such distinct cause of action is formally alleged; but one cause of action purports to be alleged ; and the Court sees all the allegations of fact, taken together confusedly, and determines whether a cause of action is formally alleged. Thus taking the allegations all together, a cause of action for such trespass is not alleged, because the arrest and imprisonment complained of were by *color of process*.

The plaintiff does not allege that the process was void, or that it was groundless, or that it was issued without probable cause, or that it was prompted by malice, or that that it was ended. The substance of these things he should have alleged, if he intended to allege a cause of action for malicious prosecution, as it seems he intended to do.

Affirmed.