## GEORGE B. LANDRUM ET AL. v. H. M. WELLS.

### No. 910.

1. **Pleading—Suit Against Sureties of Officer.**—Action for damages for false imprisonment against a constable and his sureties. The illegal arrest was alleged to have been unlawful, etc., and made by the constable "acting under color of his office." Special demurrer by the sureties should have been sustained. The allegation is not the equivalent of an allegation charging him with acting in an official capacity as constable in making the arrest. It simply states the conclusion of the pleader. It should have shown the authority under which he was acting.

2. **Pleading—Character of Business.**—Where damages for loss of time are sought as resulting from an illegal arrest, the petition should have stated the character of business in which the plaintiff was engaged, so that the defendants could be prepared to meet the issue as to the value of the services. The objection was raised by special demurrer.

3. **Evidence of Value of Mental Anguish.**—A witness was permitted to testify that he was damaged by mental anguish at least $50 a day. *Held*, reversible error. Such damages can not be measured by a witness. The amount is left to be ascertained by the jury from the facts of the particular case.

4. **Good Faith of Officer Making Arrest.**—The good faith of an officer, or his honest belief of the identity of the person arrested, is competent in mitigation of damages when such belief is caused by the words or conduct of the party arrested, when such words, etc., are calculated to induce such belief in the mind of a person of ordinary prudence and caution.

5. **Same—Declarations of Party Arrested.**—The testimony tending to show that the plaintiff when arrested told the officer that he was not the party wanted, the arrest was at the risk of his being the wrong man, although the officer in arresting acted in good faith and upon the previous declarations of the plaintiff. Such belief would not be a defense in event of mistake, but would be competent in mitigation of damages for wrongful arrest.

APPEAL from Tom Green. Tried below before Hon. MILTON MAYS, County Judge.

Action for false imprisonment. Judgment in trial court for $500. The opinion gives a sufficient statement.

*D. D. Wallace*, for appellants.—1. The allegations of the plaintiff should be sufficiently specific to inform defendants of what he expects to prove, and when he claims special damages for losses sustained to his business, he should allege the facts to show that he was engaged in some business, if any he had, and the kind or character of such business.

2. The sureties on an officer's bond would not be liable unless the officer acted in his official capacity, and in order to recover against the sureties, the party claiming damages for false arrest by the officer should state facts that show that he was acting in his official capacity. To state that the officer acted under "color of his office" is a conclusion of the pleader, and when specially excepted to the exceptions should be sustained. Sayles' Pl., sec. 27.

3. The amount of damages sustained by plaintiff for mental suffering can not be shown by the opinion of plaintiff, and if objected to, such opinion should be excluded.

4. If a peace officer has a capias to arrest a party, and by mistake arrests the wrong party, he is not liable in damages if such mistake was caused by the acts of the party arrested. Now, it was a fact, not an opinion, that the officer making the arrest did or did not believe that the party arrested was the party named in the capias. If he did not believe that he was arresting the right party, or if he knew he was arresting the wrong party, the acts or words of the party arrested would not excuse his wrongful arrest; but if he honestly believed that he was arresting the right party, the jury should know that fact, and then they should determine from the other facts proven if the officer acted with sufficient care and prudence. Wolf v. Perryman, 82 Texas, 122; Hays v. Creary, 60 Texas, 445.

No brief for appellee.

FISHER, CHIEF JUSTICE.—This suit was brought by appellee in the County Court for $1000, actual damages for four days' time lost and mental suffering caused by an unlawful arrest and being placed in jail by appellants, Broome, and Landrum as constable, and Nasworthy, Harris, and Sterrett as sureties on the official bond of Landrum.

Appellants (defendants below) answered by special exceptions, general denial, and specially, that Broome was a State Ranger, and that Landrum was assisting him in making the arrest as a posse comitatus, and not in his official capacity as a constable; and further, that Broome had a capias issued by the clerk of Limestone County, charging the appellee with murder, and that if he was not the party named in the capias that he was arrested by an honest mistake, and that such mistake was caused by the acts of appellee, and that he was not restrained any longer than was necessary to discover the mistake.

Verdict and judgment below went in appellee's favor for $500.

As a basis for appellee's action, the petition contains the following averments:

"That heretofore, to wit, on or about the 29th day of May, 1891, in the State and county aforesaid, the defendants, C. L. Broome and the said George Landrum, constable as aforesaid, acting under color of his office, unlawfully assaulted petitioner, and forcibly, wrongfully, and tortiously, without probable cause or legal authority, and against the will and over his earnest protest, falsely arrested and imprisoned your petitioner in the county jail of Tom Green County, and restrained him of his liberty by confinement therein for the space and period of four days. That by reason of said false imprisonment as aforesaid, petitioner was damaged to the value of his time lost and interruption from

his business in the sum of $300, and by the mental anguish, bodily suffering, the shame and humiliation which he endured by reason of said false imprisonment, in the sum of $700," and closes with prayer.

This pleading was questioned by special demurrer, because it did not set out the process or authority showing that Landrum was acting officially in the line of his duty as constable when the arrest was made, and because it failed to state the character of business in which the appellee was engaged and the loss of which he suffered by reason of his arrest.

These demurrers being special, we think they should have been sustained. The liability of the sureties of Landrum on his constable's bond would only result when he was acting officially within the line of his duty as constable. The averment in the petition, that in making the arrest he was acting under color of his office, is not the equivalent of an allegation charging him with acting in an official capacity as constable in making the arrest. The most serious objection to this allegation is. that it simply states the conclusion of the pleader. It should state the authority by which Landrum was acting, so that the court, in construing the pleadings, may determine that a cause of action is stated against the sureties. The sureties would only be liable when he was acting by virtue of his authority as constable, and before this could be determined the facts showing the authority under which he acted should be stated.

The petition should have stated the character of business in which appellee was engaged, so that the appellants could be prepared to meet the issue as to its value or the loss sustained by reason of the appellee's being deprived of the right to pursue his avocation. The loss of business was made the basis of his claim for damages in part, and in determining what this loss may be, it is very important to consider the character of the business in which the appellee was engaged. Its character would have an important bearing in ascertaining what damages he may have suffered in being deprived of his right to pursue it. The appellant would not, from this statement in the petition, be put on notice of the nature and character of business and the damages resulting from its loss that he would be required to meet, and it was very important to him that the petition should inform him of this fact, so that he may be prepared with his proof showing what was really the worth and value of the business lost, and the damages resulting in being deprived of the right to pursue it. Unless the pleadings informed him of the character of such business, this could not be done.

The appellee, over the objection of appellants, was permitted to testify to the amount of damages sustained by him as the result of mental suffering. His testimony was, that such damages were at least $50 per day.

When the facts would show that the jury were warranted in a finding of an amount equal or exceeding that stated by the witness as the amount of damages sustained for mental suffering, such evidence as this would not be held reversible error; but owing to the fact that the item of mental suffering is not regulated by any rule of calculation, and that it can not be approximated by any definite or certain rule of measurement, but is left solely to the sound discretion of the jury, arising out of the facts of the particular case, it is of doubtful propriety to receive such evidence. This is a matter that may not, and in the nature of things can not, well be measured by a witness. His statement as to the amount is simply a *guess*, and no more. The jury should hear all of the facts, and from them determine the extent of mental suffering.

We think the evidence of witness Broome, as presented in appellants' fourth assignment of error, should have been admitted. It would not be considered under the facts of this case as offering a justification for the arrest and as a complete defense to plaintiff's action, but it was admissible in mitigation of the damages. The good faith of an officer, or his honest belief in arresting a person that he is the one named and wanted, is admissible as evidence in mitigation of damages, when such good faith and belief is predicated upon the words or conduct of the party arrested of a nature calculated to create such a belief in the mind of a person of ordinary prudence and caution. This principle obtains when the recovery is sought for actual damages, as well as when it is for exemplary damages. 82 Texas, 122; 60 Texas, 445; 1 Sedg. on Dam., 5 ed., sec. 51; 1 Suth. on Dam., p. 229; Kiff v. Youmans, 86 N. Y., 330, and cases there cited.

This evidence was not alone the statement of the opinion of the officer, but was a statement of his belief—a fact—that the party arrested was the one wanted.

The objections to the charge complained of in the fifth and sixth assignments of error will not probably occur on another trial; and in saying this we do not wish to be understood as holding that the charges complained of are erroneous, but, on the contrary, we do not think these objections present reversible error.

In view of another trial, there are certain parts of the charge that we think should not again be given if the facts on a subsequent trial are the same as now exist as shown in the record before us. The court instructed the jury that the defendant would not be liable if the plaintiff by his acts or words induced the officers to believe that he was the person wanted and named in the warrant. This charge would be appropriate in a case where the evidence shows that the plaintiff, although not the party wanted, stated to the officer making the arrest that he was the person named in the warrant, and the officer, acting on such statement, made the arrest, for in such a case the plaintiff

can not be heard to complain because his statement has occasioned his arrest (Hilton v. Fonda, 86 New York, 352); but in a case where the plaintiff denies that he is the person wanted and named in the writ, his previous conduct and statements tending to show that he is the offender would not completely justify the officer in assuming that he is the person named in the warrant; but such conduct and statements may be heard, as before said, in mitigation of the damages that plaintiff seeks to recover. The evidence in this case tends to show that the plaintiff, in effect, informed the officers when he was arrested that he was not the man wanted, and in view of this statement, although the officers in arresting him acted under the honest conviction and belief that he was the person wanted, they in effecting said arrest assumed the risk and hazard of his being the wrong man.

The judgment is reversed and the cause remanded.

                                                    *Reversed and remanded.*
Delivered June 13, 1894.