[S. F. No. 3518.   Department One.—March 28, 1904.]

## JOSEPHINE FELONICHER et al., Respondents, v. SAMUEL STINGLEY et al., Appellants.

OFFICIAL BOND OF CONSTABLE—LIABILITY OF SURETIES.—The sureties upon the official bond of a constable are to be held according to the strict terms of their contract; and such contract cannot be extended by implication so as to make them liable beyond its terms. The officer and his sureties are liable for every abuse of his official powers, and for a trespass committed under cover of a valid writ in his possession, under which he claims to act, but goes beyond it; but the sureties are not liable for trespasses committed not under color of office, nor in the line of official duty, nor for malfeasance and extra-official acts.

ID. — ACTION UPON BOND — PLEADING — TRESPASS — NECESSARY AVERMENTS.—In an action upon the bond of a constable for damages for an alleged personal trespass, in order to charge the sureties, it is necessary to allege and prove that the constable, while attempting to perform some official act in the general line of his official duties, committed the unlawful trespass complained of.

ID.—INSUFFICIENT COMPLAINT—CONCLUSION OF LAW — INCONSISTENT AVERMENTS.—Where the complaint in such action does not state that the constable had any writ or any order directing him to do anything, nor state any facts tending to show that he was acting under color of office, a mere averment that he was acting in his official capacity does not state any fact, but only a mere conclusion, and an averment that while acting in his official capacity he was acting without authority of law in committing the trespass alleged is inconsistent and *felo de se*, and the complaint states no cause of action against the sureties.

APPEAL from a judgment of the Superior Court of Fresno County.  George E. Church, Judge.

The facts are stated in the opinion.

S. J. Hinds, and W. D. Foote, for Appellants.

W. D. Tupper, and W. D. Crichton, for Respondents.

COOPER, C.—Action to recover damages for trespass brought against defendant Stingley, as constable, and the other defendants, sureties on his official bond.

Plaintiff recovered judgment, from which this appeal is taken on the judgment-roll.  The complaint alleges: "That on or about the sixth day of January, 1902, at Sanger, in the county of Fresno, said defendant, Samuel Stingley, acting in his official capacity as such constable as aforesaid, and without authority of law, and without cause and without right, willfully, maliciously, and knowingly did make and cause to be made upon Mrs. Josephine Felonicher, the plaintiff, an assault and trespass in this: That the said defendant, Samuel Stingley, did with force and violence compel said plaintiff, a married woman, to take off her clothes and submit to an examination of her person, and did willfully, maliciously, and knowingly, and without cause and without right, seize, and take away from her person and premises the following described property: Four rings, one chain-bracelet and locket and one knife, all of which caused plaintiff grievous mental suffering and humiliated her in the presence and minds of her neighbors to her great damage in the sum of one thousand dollars."

A demurrer was interposed to the complaint upon the ground, among others, that it does not state facts sufficient to constitute a cause of action.

The demurrer was overruled and defendants answered denying the trespass complained of and denying that any of the alleged acts were done by Stingley in his official capacity.

The court found the facts in the language herein quoted from the complaint, and found no additional facts.

The action is brought upon the bond or obligation set forth in the complaint.  The sureties undertook that defendant Stingley would well and faithfully perform all official duties

required of him by law. The rule is elementary that sureties are to be held according to the strict terms of their contract, and such contract cannot be extended by implication, so as to make them liable beyond its terms. (*Boas* v. *Maloney*, 138 Cal. 106; Murfree on Official Bonds, sec. 302.)

The weight of authority and the rule in this state is, that the officer and his sureties are responsible for every abuse of his official powers. When he has in his hands a valid writ, and under cover of the writ, claiming to act under it, he goes beyond it and commits a trespass, his sureties are liable. If, having a writ of execution or attachment against one person, he seizes and takes the property of another, claiming to act in his official capacity, he acts at his peril in going beyond the authority of the writ, and hence is not faithfully performing the duties of his office. (*Van Pelt* v. *Littler*, 14 Cal. 200; *Lammon* v. *Feusier*, 111 U. S. 17; Murfree on Sheriffs, sec. 945.)

The sureties of a sheriff or constable are not liable for trespasses committed by such sheriff or constable not under color of office, nor in the line of official duty. For malfeasance and extra-official acts, the surety is not responsible. (Murfree on Official Bonds, secs. 460, 461, and cases cited; Mechem on Public Office and Officers, sec. 238.) Therefore, in order to charge the sureties in this case, it is necessary to allege and prove that Stingley, while attempting to perform some official act in the general line of his official duties, committed an unlawful trespass upon plaintiff or her property. The complaint does not state any facts which tend to show that Stingley was acting under color of office. It is not alleged that he had any writ of any kind, or any order directing him to do anything. It is stated that he was acting in his official capacity as constable, but such allegation does not state any fact,—only a mere conclusion. If he was acting in his official capacity,—that is, by virtue of his office, and in the discharge of its duties,—it could not be that he was acting at the same time without authority of law. If he was acting in his official capacity, he was faithfully performing the duties of his office, and his sureties would not be responsible. If he was acting by virtue of some writ or order which he had the right to execute as part of the duties of his office, and under color of such process went beyond it and committed a

trespass, his sureties would be liable. But the complaint states that acting in his official capacity he acted without authority of law. It is evident that the statement is *felo de se.* He was not acting in his official capacity if he was acting without authority of law. If the complaint in this case is good, it would be sufficient as against sureties to allege that a sheriff or constable went upon the highway and *officially* kicked the plaintiff or committed other trespasses upon her.

In *Lawton* v. *Erwin,* 9 Wend. 234, it was held that a statement in the complaint in an action upon a constable's bond, that the constable did not levy the amount of the execution or take the body of defendant, is not good, without averring that the defendant in the execution had property upon which a levy might have been made, or that his body might have been found.

A case similar to this is very ably discussed in *Hawkins* v. *Thomas,* 3 Ind. App. 399, where it was held in an action against the sureties on the bond of a United States marshal that the complaint failed to state a cause of action because it was not shown that the injury complained of was the result of any official misconduct, the averment in the complaint being, that the marshal and his deputy were acting illegally but under color of office. It was there said: "It was incumbent on the appellee to allege and prove a breach of some duty imposed by the terms of the bond." Then, after citing leading cases in which sureties have been held liable, the court said: "These cases are unquestionably in harmony with a large majority of the decisions upon that subject, and in each of them the unauthorized act of the officer is characterized as *colore officii.* But the officer was acting under a valid writ, and by virtue of the mandate of the law, and the trespass consisted in an abuse of the power vested in him, and not in the performance of an act which the law did not enjoin upon him at all. It was an instance of *exceeded* rather than *usurped* power. Such acts are within the express line of the surety's undertaking—that his principal shall faithfully discharge the duties of his office according to law. But when an officer, though he assumes to act as such, commits a wrong under circumstances where the law does not impose upon him any duty to act at all, the wrong is not a violation

of any *official duty,* and consequently is not embraced within the sponsorship of the surety.''

The court in conclusion said: ''It follows as a logical sequence that in an action upon an official bond it is necessary to allege and prove the existence of conditions and circumstances requiring some official action on the part of the officer, and that the injury sought to be redressed was inflicted while the officer was so attempting to act, or on account of his failure to act at all. In the complaint before us the only allegation upon this subject is the general averment that the marshal and his alleged deputy were acting illegally but under color of office. It does not appear that any writ or process of any kind had issued to either of them, or that any offense had been committed against the federal laws, or that they ever claimed such to be the case. The averment that the officer was acting under color of authority is a mere conclusion, and is not sufficient to show that the injury resulted from an official act.''

Lord Kenyon said in *Alcock* v. *Andrews,* 2 Esp. 542: ''It had often been held that a constable acting *colore officii* was not protected by the statute where the act committed is of such a nature that the office gives him no authority to do it. In the doing of that act he is not to be considered as an officer; but where a man doing an act within the limits of his official authority exercises that authority improperly, or abuses the discretion placed in him, to such cases the statute extends. The distinction is between the extent and the abuse of the authority.''

In *Holliman* v. *Carroll,* 27 Tex. 23,[1] while it was held that the sureties on the official bond of a sheriff are liable for a trespass committed under valid process in taking the property of one not a party to the writ, because he was put in motion by legal authority and could compel the power of the county to aid him, it was also held that he would not be liable on his bond for seizing goods without any process whatever, because in such case he would act at his own peril and could be resisted as any other wrong-doer.

In *Kendall* v. *Aleshire,* 28 Neb. 707, it was held that the sureties on a sheriff's bond were not liable for acts of trespass committed by the sheriff in the state of Kansas in ar-

[1] 84 Am. Dec. 606.

resting the plaintiff under a warrant of arrest which only authorized the arrest in the state of Nebraska. The warrant gave the sheriff no authority nor color of authority to arrest the plaintiff in the state of Kansas.

In *Eaton* v. *Kelly,* 72 N. C. 110, it was held that the sureties of a sheriff were not liable for acts of the sheriff in announcing that he was selling certain property under writs of execution, and selling it by reason of such announcement, when in fact he had no execution nor writ of any kind.

It is needless to cite further from authorities, as respondents' counsel have failed to call our attention to any authority which supports their contention. They cite *Bell* v. *Peck,* 104 Cal. 35, in which they say the complaint was similar to this, and that the officer was charged with "acting in his official capacity as constable."

We have examined the case, and we find the words "in his official capacity as constable," but they are followed by the words "under and by virtue of an attachment or execution issued against the property of other parties."

As the action is brought upon the bond, and as the judgment is a joint judgment, it is clear that it is erroneous. If the facts are such that an action can be maintained against the sureties, they can be stated in an amended complaint.

We advise that the judgment be reversed, with directions to the court below to allow plaintiffs to amend their complaint, if they shall be so advised.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to allow plaintiffs to amend their complaint, if they shall be so advised.

Angellotti, J., Shaw, J., Van Dyke, J.