STATE OF MISSOURI ex rel. WILHELMINA OSTMAN, Appellant, v. ALBERT MEYER et al., Respondents.

St. Louis Court of Appeals, Submitted April 19, 1909.  Opinion Filed June 8, 1909.

1. CONSTABLES: Official Bonds: Liability of Bondsmen.  Sureties on the official bond of a constable are not liable for wrongful and malicious acts of the constable when not done in his official capacity.

2. ———: ———: ———: Duties of Constable. It is no part of the duty of the constable, for which his bondsmen are in any way liable, to make affidavits for the arrest of a party.

Appealed from the St. Charles Circuit Court.—*Hon. James D. Barnett*, Judge.

AFFIRMED.

*Wm. H. Clopton* for appellant.

Sureties on a statutory bond are liable for the malicious acts of the officer.   Warrensburg v. Miller, 77 Mo. 56; State v. Schacklett, 37 Mo. 280; 1 Sedg. on M. of D., sec. 370; State ex rel. Claudiu, 1 Mo. App. 555; Russell v. Moore, 19 Mo. 369; Rollins v. State, 13 Mo. 437; State ex rel. v. Powell, 44 Mo. 436; Trig v. Harris, 49 Mo. 176.

*Theodore C. Bruere* for respondents.

The liability of the sureties on the constable's bond is one of strict law, and cannot be extended beyond the very letter of the bond.   Bank v. Traube, 75 Mo. 199; St. Louis v. Sickles, 52 Mo. 122.   They are bound only for the discharge of the duties of the constable according to law, which the law requires him to do as constable.   They are not liable where the constable goes entirely outside of and beyond his official duties and commits a tort.   State ex rel. v. McDonough, 9 Mo. App. 63; State ex rel. v. Dierker, 101 Mo. App. 646.   The petition is fatally defective in that it does not allege that the prosecution complained of was without probable cause.   Jordon v. Railroad, 105 Mo. App. 446; Ruth v. Transit Co., 98 Mo. App. 1; Boeger v. Langenberg, 97 Mo. 391; Stubbs v. Mulholland, 168 Mo. 47.

STATEMENT.—This is an action commenced in the circuit court of St. Charles County, against Albert Meyer and his sureties on his bond as constable of St. Charles township in that county.   The conditions of the bond are, as required by statute, "that if the above bound Albert Meyer shall execute all process to him

directed and delivered, pay over all money received by him by virtue of his office as constable of St. Charles township, in said county of St. Charles, and in every respect discharge all the duties of constable according to law, then this bond to be void, otherwise to remain in full force and effect." The amended petition, on which the case was tried, averring that Meyer was elected constable on the 8th of November, 1904, and qualified on the 26th of November, 1904, and gave the above mentioned bond, as required by law, the bond being in the penal sum of $2,000, avers that on the 10th of December, 1904, Meyer, in his official capacity as constable, as aforesaid, appeared before a justice of the peace of St. Charles county, and on oath stated that on the 9th of December, 1904, the relator herein had knowingly and willfully obstructed, resisted and opposed him, "the said Albert Meyer, constable of St. Charles township, in St. Charles county, Missouri," in the attempt to serve a certain writ of execution issued by a justice of the peace of the county, by then and there preventing and trying to prevent Meyer, as constable, from taking into his possession certain personal property upon which he, the said constable, had levied by virtue of a certain execution issued by the justice in the case named, "the said Albert Meyer being then and there in the discharge of his official duties as constable of St. Charles county." It is then averred that the affidavit was sworn to by the defendant Albert Meyer before the justice of the peace, on the 10th of December, 1904; that thereupon the prosecuting attorney of St. Charles county, acting on the affidavit of Albert Meyer, "and at the request of Albert Meyer, constable, as aforesaid, filed before said justice an information charging plaintiff with knowingly, wilfully and unlawfully obstructing, resisting and opposing defendant, Albert Meyer, constable, in the service and execution, and in the attempt to serve and execute and levy the aforesaid execution, in the discharge of his

duty as such constable, by then and there unlawfully, wilfully, knowingly, and with force and violence, assaulting and beating said Albert Meyer," while he was in the discharge of his official duty; that thereupon the justice of the peace issued a warrant in due form, commanding the officers to whom directed to forthwith apprehend plaintiff and bring her before the justice to answer the premises and further be dealt with according to law; that the warrant was placed in the hands of the sheriff of the county who, in pursuance of it, arrested plaintiff, relator, on the 29th of December, and took her before the justice who had issued the warrant; that the venue of the cause was changed to another justice and that relator gave bond for her appearance before that justice; that the case came on for trial on the 23d of January, 1905, and on the evidence in behalf of the State and of plaintiff, relator, being heard, the justice found plaintiff not guilty. It is then averred in the petition, "that the affidavit aforesaid made by defendant, Albert Meyer, on the 10th day of December, 1904, was false and made maliciously; that the same was made under color of his office without justifiable cause or excuse." Averring her residence in St. Charles county for thirty-five years, during all of which time she avers she has enjoyed the esteem and good opinion of her neighbors, and that she has been put to expense in employing counsel to defend her against the charges made by defendant Meyer, plaintiff, relator, asks for damages in the sum of $500 actual and $1,500 punitive and for costs, praying judgment for the penalty of the bond, and execution for the damages which may be awarded.

A demurrer was interposed to this petition on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and plaintiff, relator, declining to plead further, final judgment was entered from which an appeal has been duly prosecuted to this court.

REYNOLDS. P. J. (after stating the facts).—We are unable to find any law, statutory or common, that imposes upon a constable the duty of making affidavits against parties who have resisted the service of process. In a case of resistance of service of process, it is within the power of the constable to arrest the party in some cases, and if he made that arrest maliciously and without probable cause but under color of his office as constable, he and his sureties might be responsible on his official bond. But that is not this case. The constable, so far as appears by the amended petition in the case, while a constable and described as constable, but undoubtedly in his individual capacity as Albert Meyer, went before a justice of the peace and swore to the information or complaint upon which the warrant issued and the plaintiff, relator, was arrested. While it is averred in the petition that he was constable at the time that he did this, and he is described as constable, it is not averred in the petition that he made the affidavit in his official' capacity, and we cannot conceive of his doing so. Even stating in the affidavit that he was constable, would add no force to the affidavit. It is averred that he made the affidavit under color of his office without justifiable cause or excuse. Whether the substitution of the word "justifiable," for the very essential word of "probable" is sufficient, is doubtful, and while the point is made by counsel for defendants that it does not appear that Meyer made the affidavit in his official capacity as constable, and while criticism is made of the word "probable" cause and the substitution therefor of the words "without justifiable cause or excuse," we do not base our decision on any of these propositions. We place it upon the broad proposition, that it is no part of the duty of a constable, for which his bondsmen are in any way liable, to make affidavits, either for the arrest of a party or for any other purpose. We hold that the demurrer was well taken and properly sustained. The very learned counsel for appellant has

submitted an elaborate and able brief on the right to recover punitive damages and has cited many cases that he claims to be in point as bringing his action within their rule. It is not necessary in this case to pass on this question. We have examined the cases cited by counsel and find no case that in our judgment sustains counsel's contention, that a constable and his sureties are liable for his action in making an affidavit —however maliciously made, on which an arrest has been made. The judgment of the circuit court of St. Charles county in sustaining the demurrer to the amended petition and in rendering judgment thereon for defendants is affirmed. All concur.

