[No. 6244.]

## THE PEOPLE, FOR THE USE OF PURDY, v. PACIFIC SURETY COMPANY.*

1. **Official Bond—Requisites**—A bond which contains no words by which the obligors bind themselves to do anything, which names no obligee, and is delivered without authority given to insert the name of an obligee, is without legal effect. —(274)

2. ——**Liability of Surety**—The sureties in an official bond are not liable for the private and personal wrongs of the officer, not done by virtue of his office, nor under color of his office, e. g., where a constable commits a trespass, under pretense of process, when in fact he has no process, and acts of mere malice. —(276, 277)

3. **Pleading—Conclusions of Law**—A complaint against a constable and the sureties in his official bond, for misconduct of the former, alleged that he was acting "in the line of his duty, under color, and by virtue of his office." Held, a mere conclusion of the pleader.—(277)

*Error to Denver District Court*—Hon. HUBERT L. SHATTUCK, Judge.

Mr. S. P. DOUTHART for plaintiff in error.

Messrs. BARTELS & SILVERSTEIN for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an action for damages against the sureties on a constable's bond for a breach of its condition that the constable "shall well and faithfully discharge the duties" of his office. There had been a previous judgment therefor by plaintiff against the constable. The court sustained a general demurrer to the complaint, and dismissed the action. A number of questions, some of substantive law,

---

* Time granted to file a petition for rehearing. Publication delayed by failure to advise reporter of the neglect to file the petition.

others relating to matters of practice, are argued, whose determination is not necessary to a decision of the case. We, therefore, express no opinion concerning them. If, for our present purpose, it be conceded that the trial court was wrong in its decision upon them, still, if the complaint does not state a cause of action for any reason, even though such ground was not mentioned below, the judgment of dismissal must be affirmed, since the general objection may be raised at any time. The record does not, however, show upon what ground the ruling on the demurrer was based; but that it must be sustained, we entertain no doubt, as the complaint wholly fails to state a cause of action, as will appear from the following discussion:

The bond is set out *in haec verba* in the complaint. No obligee is named therein. The general rule is, that a bond must contain at least two parties —the obligor and the obligee—and a bond which does not contain the name of an obligee, is void. There are some decisions holding that, where a bond, with the name of the obligee left blank, is delivered by the obligor, with authority to the person to whom it is delivered to insert the name of the obligee, it becomes a valid instrument when so perfected; but there are authorities to the contrary. That, however, is not this case. There appears to be no obligee at all, and no authority was given to any one to insert the name of an obligee. Neither is there any language in the bond by which the obligors promised to pay anything, or to do anything. Indeed, in the obligatory part of the instrument, they do not bind themselves at all, there being no language of a binding character present. If the bond has been correctly copied into the complaint, it would, under some authorities, be deemed void.—5 Cyc., pp. 731-733; 4 Am. & Eng. Enc. of Law (2nd ed.), p. 645.

If, however, it could be said that there is enough in the condition clause to show an intent upon the part of the obligors to make a promise of some kind to some indefinite person, and if it could be further said that it will be presumed that the intention was to make the body corporate, which the statute designates as the obligee in bonds of this character, the obligee in this instrument—and we discuss the point only that we may not be regarded either as holding it good or bad—still, upon other grounds, which we now proceed to consider, the complaint is fatally defective.

Omitting formal parts, it alleges that the constable (naming him), "acting as constable aforesaid, in the line of his duty as such and under color and by virtue of his said official position, and without any warrant or process of any kind or character against Edward R. Purdy (the plaintiff), but claiming to have in his possession and to be acting as constable under and by virtue of a writ or process issued against one Margaret Purdy by a justice of the peace * * * he (the said constable) forcibly broke and entered the residence of plaintiff · * * * and, while still acting as constable and under the claim and pretense of executing the writ or process hereinbefore named, * * * assaulted, beat and bruised * * * plaintiff, * * * knocked him down, * * * wrongfully and maliciously arrested and placed him in prison· * * * and falsely detained him * * * for several hours * * * and as a part of the same transaction, willfully, maliciously and without any authority of law, seized his furniture, * * * removed it from his residence, threw it in the street * * *, and destroyed a part of it; that all of the acts of the constable * * * were done while he was acting as constable in the line of his duty and under the claim of authority as aforesaid, and under

the color and by virtue of said office, but in truth and in fact without any warrant or authority of law, and that the said acts were willfully and maliciously committed by the constable for the purpose of annoying, harassing and injuring the person and property of the plaintiff, with the intention of insulting and abusing him, and with a wanton and reckless disregard of his rights."

Some authorities make a distinction between acts of a public officer done by virtue of his office, and acts done under color of his office. Such a distinction doubtless exists, but for our present purpose we predicate nothing upon it. That there is a very wide difference between wrongful acts of an officer done by virtue, or under color, of his office on the one hand, and his mere wrongful personal or private acts upon the other, is recognized by all authorities. For all these wrongful acts and conduct, the officer himself is liable. Sureties upon his official bond have been held liable for acts of the former character, but not for the personal or private wrongful acts of their principal. Bearing this in mind, let us analyze this complaint to see what acts of the officer are complained of. True, the complaint states that the acts in question were committed by the constable while acting as such in the line of his duty and under color and by virtue of his office. The allegation is immediately followed by the further statement that in beating, bruising and imprisoning the plaintiff, and in injuring his real and personal property, the officer was acting "without any warrant or process of any  *  *  *  character" against plaintiff. The extent to which the complaint goes with reference to any writ, is that the constable was claiming to have in his possession, and to be acting as constable by virtue of, some writ or process issued by a justice of the peace against some other person.

It is not stated what that writ or process is, or what it commanded the constable to do, if any there was. Neither does the pleading state that the constable broke and entered plaintiff's residence, or that it was necessary for him to do so, in executing the alleged writ, or that, in fact, he had a writ or ever executed it. But the serious defect in this particular is that there is no allegation that any writ was ever issued by a justice of the peace or delivered to the constable, which he was in the act of executing at the time of the assault. It is not sufficient, in a complaint of this kind, merely to allege that the officer claims or pretends that he is executing a writ or process. It is essential that the complaint should be clear upon this point, and not leave the matter to inference or conjecture. The allegation of the complaint that the constable was acting as constable in the line of his duty and under color and by virtue of his office, is a mere conclusion of the pleader.—*People v. Cobb,* 10 Col. App. 478. Whether he was acting as constable, or under color of and by virtue of his office, so far as this case is concerned, depends upon whether some valid writ or process was issued by a court of competent jurisdiction and delivered to him and he was in the act of executing it. There is no allegation of this character in the complaint. But if the averment, which is in the complaint, that the constable was acting as constable and in the line of his duty and under color and by virtue of his office, is an allegation of fact, it is directly negatived by the further allegation that he was acting without any warrant or process of any kind or character against the plaintiff, and by the further allegations that the constable wrongfully and maliciously arrested the plaintiff and willfully and maliciously and without any authority of law seized his property, and that all his acts, while acting as constable and in the line

of his duty and under claim of authority and under color and by virtue of his office, in truth and in fact were without any warrant or authority of law, but were willfully and maliciously committed for the purpose of annoying and injuring the plaintiff. In the very nature of things, it could not be that the constable was acting as such, and in the line of his duty and under color and by virtue of his office, if he was acting without any warrant or process or authority of law whatever, but maliciously and willfully, wrongfully and unlawfully.

Briefly summarized, then, the complaint states a case where a constable, merely claiming to act in his official capacity under a writ against one person, but without any process or authority of law whatever, proceeds to maltreat and physically punish another person. It does not appear what relation, if any, the person injured sustains towards the one against whom the writ is supposed to have been issued, or that the acts committed by the officer upon the plaintiff were in connection with, or were done at the time and as a part of a supposed service of the writ. It is a case, therefore, where a plaintiff is injured by the private and personal acts of an officer, and not by acts which he has done either by virtue of his office or under color of his office.

The authorities are uniform that the sureties on an official bond are not liable for such acts of their principal. In *Felonicher v. Stingley,* 142 Cal. 630, 76 Pac. 504, a complaint in all substantial particulars the same as the one before us was held insufficient to sustain a judgment against the sureties on the official bond of the officer, because it did not state facts showing that he was acting by virtue of, or under color of, his office, but only in a personal or private capacity. In the opinion it is stated that the allegation of the complaint that the officer was acting

in his official capacity does not state any fact, but a mere conclusion. The allegation in the complaint there, as here, that he was acting at the time without authority of law or any legal process, makes it certain that he could not have been acting in his official capacity. And if he was not acting in his official capacity when he assaulted plaintiff, he certainly was acting without authority of law, and for such acts his sureties are not liable. In *Blinebury v. Mann*, 21 Wis. 692, a sheriff's sureties were held not liable for his wrongful seizure of property, when not made by him in his official character under process. In *Gerber v. Ackley*, 37 Wis. 43, an action against the surety on the official bond of a village marshal, which was conditioned, as here, for the faithful discharge of his duties—the complaint merely alleging that the marshal, claiming to have a writ of replevin duly issued by a justice, wrongfully took plaintiff's property from his possession, and claiming to act under and by virtue of such writ—it was held that the complaint did not state that any process had been issued or delivered to the constable, and so was bad. It must appear that he was acting under process, not merely claiming to act in the execution of process.

In *Jewell v. Mills*, 66 Kentucky 62, it was said that the surety of a constable is not liable on his official bond for acts of violence of the constable which are his personal wrongs. *People v. Wilmoth*, 45 Ill. App. 73, is, in some respects, quite apposite in its facts to the case at bar, though it is a much stronger case against the sureties than this. Among other things, it was held there that it was not enough to make a general charge in the pleading that the acts of the officer were done by color or by virtue of his office. Facts and circumstances must be stated to show that they were so done, and it was further held

that no action can be maintained upon such bonds against the sureties, where such officer, in levying an execution upon the property of a married man, stepped aside and made an unprovoked assault, unconnected with the levy, upon the debtor's wife. In the case at bar, there was no connection shown between the assault and the supposed attempted levy of a writ on the goods of Mrs. Purdy. It does not appear that she was plaintiff's wife. The assault, so far as the complaint shows, was in no wise connected with the levy, if there was a levy, upon the goods of Mrs. Purdy. For aught that appears, the constable stepped aside from his official duties, if, in fact, he was attempting to perform them, and made an unprovoked and unnecessary assault upon the plaintiff. In *State v. McDonough,* 9 Mo. App. 63, it was decided that, where an officer goes out of the line of his official duty and acts without the scope of his authority, such action, though done under color of his office, is not a breach of his bond for the faithful performance of his duty. A case directly in point is *Chandler v. Rutherford,* 101 Fed. 774, where, in an able opinion by Thayer, circuit judge, it was held, as stated in the syllabus: "When an officer assumes to act under color of his office, having no writ or process whatsoever, or having process which on its face is utterly void, it is the prevailing doctrine that, whatever he may do under such circumstances imposes no liability on his sureties. To constitute color of office such as will render an officer's sureties liable for his wrongful acts, something else must be shown besides the fact that in doing the act complained of the officer claimed to be acting in an official capacity." Applying that doctrine to the case in hand, we say that the mere allegation in the complaint that the constable was acting in the line of his duty, claiming to have a

writ or process of some kind, is not sufficient to bind the sureties on the official bond of the officer, particularly where, as here, such alleged official acts are negatived by the further statement that they were entirely without authority or warrant of law, and were not done under any valid writ or process whatever.   In the opinion of Judge Thayer are collated a number of authorities, among others, *Allison v. People*, 6 Col. App. 80, being cited with approval. The case of *Lammon v. Feusier*, 111 U. S. 17, which is relied upon by plaintiff here, is cited.   It has no application, however, to the facts of this case, the doctrine there announced being that sureties on the official bond of a constable are held liable when the officer, having process in his hands commanding him to seize the property of one person, takes the property of another.   Judge Thayer clearly shows the distinction between that case and such a case as we now have before us.   Indeed, we might have contented ourselves solely with the citation of *Allison v. People, supra,* in which our court of appeals has decided the very question before us, which is that the acts of an officer under a void process, or no process, are his private or personal trespasses for which the sureties on his official bond are not liable; the ground upon which the opinion is based being that the officer thereby acts without either actual or apparent legal authority.   In *Gumbel v. Pitkin,* 124 U. S. 131, the United States marshal was holding possession of property under a writ illegally issued and levied, though not void on its face.   The court, by Mr. Justice Matthews, at page 156 of the opinion, held that, while such possession was sufficient to prevent the property being taken out of the marshal's possession by process from a state tribunal, nevertheless, when the United States court, in the exercise of its jurisdiction, determined that the marshal

held the property illegally as a trespasser, he is to be treated as holding it in a private and not an official capacity; that he was in possession wrongfully as an officer, and therefore chargeable as an individual. The same ruling, of course, would apply if he held possession without any writ at all. This case, therefore, is clearly authority for the conclusion which we have reached here, that, where the acts of a public officer are done without any legal process, or authority of law, they are not his official, but merely his private or personal acts, for which his sureties are not liable. No case has been brought to our attention which sustains the case as made by the complaint.

The judgment of the district court, being in accordance with our views, is affirmed.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.