(100 South. 653)

**BURGE et al. v. SCARBROUGH.** (6 Div. 74.)

(Supreme Court of Alabama. May 29, 1924.)

**1. Sheriffs and constables ⬅168(1)—Count for assault and battery must allege official responsibility to impose liability on bond.**

Count for assault and battery by deputy sheriff must allege facts showing official responsibility of deputy sheriff to impose liability on surety.

**2. Sheriffs and constables ⬅168(1)—Count for wrongful arrest held to state cause of action on official bond.**

In view of Code 1907, §§ 6267–6269, count for damages for wrongful arrest and imprisonment, averring that deputy sheriff, while acting in line and scope of employment, wrongfully arrested and imprisoned plaintiff, held to state cause of action against defendant and surety on official bond.

**3. Sheriffs and constables ⬅168(1)—Count for malicious prosecution held not to state cause of action on official bond.**

Count for malicious prosecution, averring that deputy sheriff individually swore out warrant and caused arrest of plaintiff on charge of assault with weapon, held to show no breach of official bond, and not to state cause of action against surety.

**4. Pleading ⬅8(13)—Allegation that defendant acted as deputy sheriff and in line and scope of employment held pleader's conclusion.**

Allegations in count for damages for malicious prosecution against deputy sheriff and surety on official bond that at stated time and place defendant was acting as deputy sheriff, and was acting in line and scope of employment as deputy, were, in view of Code 1907, § 5321, conclusions of pleader.

**5. Sheriffs and constables ⬅171—Undisputed evidence that wrongful act alleged as breach of bond was done individually required direction of verdict for surety.**

In action for malicious prosecution against deputy sheriff and surety on official bond, where undisputed evidence showed that affidavit charg-

ing plaintiff with assault with weapon was made by deputy sheriff individually, it was error to refuse general affirmative charge of surety.

**6. Sheriffs and constables** ⊙⟿154—**Surety on official bond of deputy sheriff not liable for individual act.**

In view of Code 1907, §§ 1500, 5870, surety on official bond of deputy sheriff is not liable for his individual act in making affidavit causing plaintiff's arrest on charge of assault.

**7. Assault and battery** ⊙⟿96(3)—**Charge on self-defense held properly refused for failure to define degree of force permissible.**

There was no error in refusing charge that, if defendant was free from fault in bringing on difficulty, and only defended himself from assault by plaintiff, then verdict should be for defendant, it being defective in failing to require defendant to use no more force than was reasonably necessary to repel attack.

**8. Trial** ⊙⟿251(2)—**Charge held properly refused because not limited to particular count.**

Where there were counts for assault and battery, wrongful arrest and malicious prosecution, charge on defendant's freedom from fault in bringing on difficulty which was not limited to assault and battery count was properly refused.

**9. Trial** ⊙⟿240—**Refusal of argumentative charges held proper.**

In action on bond of deputy sheriff, charges that it was no part of duty of deputy to help automobiles out of ditches, and, if difficulty arose from misunderstanding resulting from acts of parties in getting automobile out of ditch, then deputy sheriff would not be acting under color of office, *held* argumentative.

**10. Trial** ⊙⟿251(2)—**Instructions intended to apply to all counts, but not relevant to particular count, properly refused.**

In action on bond of deputy sheriff, in which there are counts for assault and battery, wrongful arrest and malicious prosecution, instructions intended to apply to all counts, but having no bearing on count for wrongful arrest, properly refused.

**11. Trial** ⊙⟿260(1)—**Refusal of charges covered by charges given not error.**

In view of Code 1907, § 5364, as amended by Gen. Acts 1915, p. 815, there was no error in refusing charges which were fairly and substantially given in court's written charge and general oral charge.

**12. Sheriffs and constables** ⊙⟿168(1)—**Count held to state cause of action for assault and battery on official bond.**

Count claiming damages for assault and battery by deputy sheriff, alleging that at time of assault defendant was deputy sheriff and surety company was surety on his official bond, and that principal was acting under color of his office and in line and scope of his employment as deputy sheriff, *held* to state cause of action against surety.

Miller, J., dissenting in part.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by Lawrence Scarbrough against William M. Burge and the National Surety Company for breach of an official bond. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

These requested charges were refused to defendants:

"(28) I charge you, gentlemen of the jury, if you are reasonably satisfied from the evidence that the defendant Burge was free from fault in bringing on the difficulty, and that he only defended himself from an assault by the plaintiff, then your verdict should be for the defendants."

"(30) I charge you, gentlemen of the jury, that as a matter of law helping automobiles out of ditches along the roadside is not part of the duties of a deputy sheriff, and, if you are reasonably satisfied from the evidence that the difficulty testified to by the witnesses in this case arose solely out of a misunderstanding or argument resulting from the acts of the parties in getting said automobile out of the ditch, then the said Burge would not be acting under color of his office, and you could not award plaintiff any damages as against the defendant National Surety Company."

"(32) I charge you, gentlemen of the jury, if you are reasonably satisfied from the evidence that at the time of the alleged difficulty and injuries to plaintiff the defendant Burge was off duty and on his way to his home, and was merely acting as a private citizen in assisting plaintiff to get his car out of the ditch, and that the difficulty and injuries arose solely out of an argument or disagreement between plaintiff and the said Burge over some act or remark made during the time said Burge was assisting plaintiff, then he would not be acting under color of his office as a deputy sheriff, and your verdict should be for the defendant National Surety Company."

Percy, Benners & Burr, of Birmingham, for appellants.

The surety on a deputy sheriff's bond is not liable for any acts of the deputy sheriff, unless committed within the line of official duty and authority or under color of his office. McKee v. Griffin, 66 Ala. 211; Kemp v. Wilson, 17 Ala. App. 224, 84 South. 636; American Surety Co. v. First Nat'l Bank, 203 Ala. 179, 82 South. 429; State ex rel. v. Meyer, 138 Mo. App. 507, 120 S. W. 116; People ex rel. Purdy v. Pac. Surety Co., 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577; Felonicher v. Stingley, 142 Cal. 630, 76 Pac. 504. Institution of a criminal prosecution is neither in the line of the duty of a deputy sheriff, nor done under color of his office. State ex rel. v. Meyer, supra; Code 1907, § 5870. A wrong is done under color of office, where a wrong is committed by an officer under the pretended authority of his office. Mobile County v. Williams, 180 Ala. 639, 61 South. 963; Kelley v. Moore, 51 Ala. 364; Mason v. Crabtree, 71 Ala. 479.

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Black, Harris & Foster, of Birmingham, for appellee.

No brief reached the Reporter.

MILLER, J. This is an action for damages instituted by Lawrence Scarbrough against William M. Burge and the National Surety Company. The court submitted the cause to the jury under three counts lettered A, B, and C, with plea thereto by each defendant of general issue in short by consent with leave to give in evidence any matter that would be a legal defense, and with leave of plaintiff to give in evidence any matter that would be good in legal reply thereto. The jury returned a verdict in favor of the plaintiff, the court rendered judgment thereon against each of the defendants, and from this judgment each defendant appeals, and they assign errors separately.

[1] Count A is in code form 18, page 1198, Code 1907, for an assault and battery. It alleges and claims damages for an assault and battery committed by the defendant William M. Burge on the plaintiff on, to wit, September 9, 1921. This states a cause of action against William M. Burge, individually; but does it also state a cause of action against his codefendant, the National Surety Company? It alleges at the time and on the occasion of the assault and battery Burge was a deputy sheriff of Jefferson county, and the National Surety Company was surety on his official bond in the sum of $2,000, the amount claimed in the count. The count states Burge was then and there acting under color of his office and in the line and scope of his employment as such deputy sheriff. This is a conclusion of the pleader, and is not sufficient as against the surety. The count should allege the facts and circumstances showing it was so done. T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 South. 170; section 5321, Code 1907; People v. Pacific Surety Co., 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577; Felonicher v. Stingley, 142 Cal. 630, 76 Pac. 504.

It appears from the count that this was a private act of Burge in assaulting and beating plaintiff, wrongfully done; and it states no fact showing it was done in connection with any duty the law imposed on him as deputy sheriff; and shows no fact indicating it was done by him under color of his office. The count alleges facts showing personal, but no facts showing official, responsibility or liability. It avers no official authority or semblance thereof under which he was acting at the time. The surety on Burge's official bond would not be liable for an assault and battery committed by him on the plaintiff, unless it was done by him while in the performance of a duty imposed or authorized by law, or unless it was done by him under color of his office, and the count should aver some fact clearly indicating it

was done in a way to render the surety liable. Authorities supra, sections 1500, 5870, Code 1907; McElhaney v. Gilleland, 30 Ala. 187; Burgin v. Raplee, 100 Ala. 433, 14 South. 205; Kelly v. Moore, 51 Ala. 364.

This court, in writing on the subject of responsibility of an official, individually, and the sureties on his official bond, in McKee v. Griffin, 66 Ala. 213, stated:

"In other words, the duty, for the disregard or violation of which complaint is made, or in reference to which the wrongful act is committed, must be one imposed or authorized by law. A mere private act, not pertaining to any function the law casts on him, although done by one holding a bonded office, imposes no liability on his sureties. Addison on Contracts, § 1117. 'For acts not within the line of official duty and authority, not under color of office, he may incur personal, not official responsibility; and in that personal responsibility, the sureties on his official bond are not involved.'"

In Am. S. Co. v. First Nat. Bank, 203 Ala. 181, 82 South. 431, the court wrote:

"A mere private act of an officer, no matter how negligent, wrongful, or willful, not pertaining to any function or duty which the law imposes, and not done under color of office, incurs no official responsibility or liability, though it may incur personal responsibility."

The facts alleged in this count show personal responsibility of Burge for his private act, but no official responsibility. It alleges no fact showing a breach of his official bond. The count must allege facts showing official responsibility of Burge to impose liability on the surety on his official bond. Authorities, supra. The facts in this count must be so presented that a material issue in law or fact can be taken thereon by each defendant. This count fails to state sufficient facts that a material issue in law or fact can be taken thereon by the National Surety Company. It avers no fact showing liability of the National Surety Company. Section 5321, Code 1907; T. C., I. & R. R. Co. v. Smith, 171 Ala. 251, 55 South. 170, and authorities, supra.

The demurrers of each defendant to this count point out the defects, and they should have been sustained by the court, and the court erred in overruling them. Authorities, supra. See, also, Landrum v. Wells, 7 Tex. Civ. App. 625, 26 S. W. 1001; Felonicher v. Stingley, 142 Cal. 630, 76 Pac. 504; People v. Pac. Surety Co., 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577; State ex rel. Oatman v. Meyer, 138 Mo. App. 507, 120 S. W. 116; Barfield v. Turner, 101 N. C. 357, 8 S. E. 115.

[2] The court overruled demurrers of each defendant to count lettered B. This count is for damages for wrongfully arresting and imprisoning the plaintiff for a period of five hours. It avers Burge was deputy sheriff of Jefferson county, and, "as such deputy sheriff, while acting as such and in the line

and scope of his employment as such deputy, did wrongfully arrest and imprison the plaintiff, on a charge of assault with intent to murder, and on a charge of resisting an officer, for a period of five hours." It is one of the official duties of a deputy sheriff to make arrests, within the limits of the county, under circumstances authorized by the statutes. Section 6267–6269, Code 1907.

This count alleges the doing by Burge of an act, arresting and imprisoning the plaintiff, which is official in its nature, within his official duties; and that he, as such official, wrongfully did it, wrongfully arrested and imprisoned the plaintiff. It was an act authorized by law which he wrongfully performed; it was an act within the line of his official duty, which he wrongfully performed, and it rendered him officially liable, and imposed liability on the surety on his official bond. This count alleges the National Surety Company was surety on his official bond at the time of the arrest and imprisonment of plaintiff, and the amount claimed in the count did not exceed the amount of his official bond, viz. $2,000. This count (B) states a cause of action against each defendant, and the demurrers of each defendant to it were properly overruled by the court. Authorities, supra.

[3, 4] Count lettered C is for malicious prosecution in form 20, on page 1198, Code 1907. It states a good cause of action against the defendant William M. Burge. Does it state a cause of action against the defendant National Surety Company? It avers that William M. Burge maliciously, and without probable cause therefor, caused plaintiff to be arrested under a warrant issued by Judge Abernathy of the municipal court on October 10, 1921, on a charge of assaulting the said William M. Burge, which charge before the commencement of this action has been judicially investigated, prosecution ended, and plaintff discharged. True, it also avers at said time and place William M. Burge was acting as a deputy sheriff for Jefferson county, and was acting in the line and scope of his employment as said deputy. These are conclusions of the pleader, not resting on alleged facts, and such conclusions, without facts to sustain them, are not sufficient in a count like this one against surety on the official bond, as hereinbefore shown. Section 5321, Code 1907; Felonicher v. Stingley, 142 Cal. 630, 76 Pac. 504; People v. Pac. Surety Co., 50 Colo. 273, 109 Pac. 961, Ann. Cas. 1912C, 577; State ex rel. v. Meyer, 138 Mo. App. 507, 120 S. W. 116; T. C., I. & R. Co. v. Smith, 171 Ala. 251, 55 South. 170.

This count shows on its face that William M. Burge, individually, swore out the warrant, and thereby individually caused the arrest of the plaintiff on a charge of an assault with a weapon by plaintiff on him personally. True, he was deputy sheriff at the time, but it was a personal and not an official act, and it was done by him individually. This was not an act or duty authorized or imposed on him officially, as deputy sheriff, by statute; it was an individual act incurring personal liability and not official responsibility if it was done maliciously and without probable cause by him as alleged. The facts alleged show no breach of his official bond; the facts alleged fail to show the duty which was breached by Burge, that the act which was done by Burge was one imposed or authorized by law or done under color of his office by him. So we must hold the facts alleged do not state a cause of action against the surety company, the surety on his official bond. State ex rel. v. Meyer, 138 Mo. App. 507, 120 S. W. 116. See, also, authorities mentioned supra in discussion of demurrers to count A. The court erred in overruling demurrers to count C; they should have been sustained.

[5] The plaintiff and a stepdaughter of his brother were out driving in an automobile late in the afternoon of September 9, 1921. In turning the car got in a ditch on the side of the road; the defendant Burge and a Mr. Morris, a deputy sheriff, came along in a car; they were waved down, stopped and assisted plaintiff in getting his car back into the road. There was evidence tending to show that the plaintiff and defendant Burge had some words and controversy over the relationship between plaintiff and the young lady in the car with him. Burge struck plaintiff with his fist, plaintiff hit him with his automobile jack, and Burge then shot at him once or twice, and plaintiff ran and fell down, and Morris placed handcuffs on plaintiff, and made Burge put up his pistol. Burge and Morris brought the plaintiff in their car to town, and the young lady was also in the car. The plaintiff, while handcuffed in the car, was struck by the defendant Burge, and he got out or fell out of the car, and Burge shot at him. Plaintiff ran, went into a house, and had the police called, was carried to and placed in jail, and then made bond. Both plaintiff and defendant Burge were bruised on their heads. The cause and details of the difficulty are in direct conflict by the evidence of the parties.

The defendant Burge on September 10, 1921, the next day after the difficulty, went before Judge Abernathy, judge of the court of misdemeanors, and made affidavit charging that plaintiff "did assault and beat the affiant with a weapon, to wit, an automobile jack"; the judge of the court issued a warrant for the arrest of plaintiff "to answer the state of Alabama of a charge of assault with weapon preferred by W. M. Burge." The plaintiff was arrested under this warrant; gave bond; and was tried before Judge

Abernathy in the court of misdemeanors, and convicted; from this he appealed to the circuit court, and was found not guilty.

The defendant National Surety Company asked in writing the general affirmative charge in its favor as to count C. It was refused by the court. It should have been given. The undisputed evidence shows the affidavit mentioned in it was made by the defendant Burge, individually, charging plaintiff with an assault with a weapon on him, affiant; the warrant was caused to be issued by Burge, individually, as stated therein "to answer the state of Alabama of a charge of assault with weapon preferred by W. M. Burge."

[6] Making this affidavit, causing the arrest of plaintiff for this offense, was a private, individual act of Burge, and not an official act. It was done by him individually, and not by him as deputy sheriff of Jefferson county. There is no evidence indicating it was done by him under color of his office as deputy sheriff, and there is no evidence tending to show it was done by him within the line of his official duty and authority. Hence we must hold the surety on his official bond is not liable for this private act of Burge; and the court erred in refusing to give that written charge requested by the National Surety Company. Sections 1500, 5870, Code 1907; State ex rel. v. Meyer, 138 Mo. App. 507, 120 S. W. 116; McKee v. Griffin, 66 Ala. 213; Am. S. Co. v First Nat. Bank, 203 Ala. 181, 82 South. 429; Mobile County v. Williams, 180 Ala. 639, h. n. 9, 61 South. 963, and authorities, supra.

[7, 8] Written charge 28 asked by the defendant was properly refused. This charge is defective in failing to state that if in defending himself the defendant Burge used no more force than was reasonably necessary to repel the attack or assault, etc. Thomason v. Gray, 82 Ala. 291, 3 South. 38. This charge was also probably properly refused, as it was not limited to count A, the assault and battery count, but, as written, it applied to all the counts.

[9, 10] Written charges 30 and 32, separately requested by defendants, were properly refused by the court. They are argumentative, and they are intended to apply to all the counts, and have no connection or bearing on count B, and the evidence introduced thereunder by the plaintiff.

[11] The same rule of law attempted to be stated in written charge numbered 2, asked by the defendants, and refused by the court, was fairly and substantially given to the jury in written charge numbered 1, asked by the defendants, which was given by the court, and in the general oral charge of the court. Section 5364, Code 1907, as amended by Gen. Acts 1915, p. 815.

Each defendant requested in their behalf separate general charges, with hypothesis, in writing, as to counts A and B. They were refused by the court. We need not discuss the evidence and pass on these charges to see if the court erred in resulting any one of them. The jury returned a general verdict; based it on no one count. This cause must be reversed for the errors mentioned. These counts A and B may be amended, and the evidence may be different on another trial.

The judgment is reversed and the cause remanded.

Reversed and remanded.

[12] All the Justices concur in the opinion, except they hold count A is sufficient, and is not subject to demurrer of the National Surety Company.